**R. Owen NEERINGS, Plaintiff and Appellant,**

v.

**UTAH STATE BAR and Sydnie Kuhre, Defendants and Appellees.**

Nos. 890088, 890239, 890425 and 890509.

Supreme Court of Utah.

Aug. 2, 1991.

Brian M. Barnard, John Pace, Salt Lake City, for plaintiff and appellant.

Carman E. Kipp, Robert H. Rees, Salt Lake City, for defendants and appellees.

HALL, Chief Justice:

Plaintiff R. Owen Neerings sought to recover damages caused by the unauthorized publication of private information. Neerings appeals from the entry of summary judgment in favor of defendants the Utah State Bar and Sydnie Kuhre ("the Bar"). We dismiss for lack of jurisdiction.

When reviewing an order granting summary judgment, the facts and all reasonable inferences that can be drawn from the facts are to be viewed in a light most favorable to the party opposing the motion.[1]

Neerings, as part of his application for membership in the Bar, sat for the February 1988 written examination. It is necessary to successfully complete the bar examination in order to be admitted to the Bar, a prerequisite to engage in the practice of law in the state of Utah. Prior to the time the official results of the examination were released, Kuhre, an employee of the Bar, informed Fasselin, a co-worker of Neerings, that Neerings had failed the examination. Fasselin then informed other co-workers of the results of the examination. Neerings was officially informed that he did not pass the examination on March 25, 1988.

Neerings appealed the result of his bar examination to the Utah State Bar Commission. Again, prior to the time Neerings was officially informed of the disposition of his appeal, Kuhre informed Fasselin that Neerings' appeal was unsuccessful. Neerings was officially informed that his appeal was unsuccessful on May 27, 1988. Although the Bar has enacted no rules concerning the confidentiality of examination results, there is a "long-standing practice and unwritten but strictly-enforced policy"

---

1. *Culp Constr. Co. v. Buildmart Mall,* 795 P.2d 650, 651 (Utah 1990).

that the names of those applicants who do not pass the examination should not be released. However, the names of applicants who pass the examination are published.

On June 9, 1988, Neerings initiated this action, claiming that by publicizing the results of his bar examination, the Bar (1) violated the Utah Archives and Records Service and Information Practice Act, Utah Code Ann. §§ 63-2-59 to -89, (2) violated Neerings' constitutional right to privacy, (3) negligently breached a duty of confidentiality established by the Bar's internal policies, and (4) tortiously invaded Neerings' common law right to privacy. The Bar moved for summary judgment pursuant to Utah Rule of Civil Procedure 56, and on January 12, 1989, the district court, by an initialed minute entry, entered summary judgment dismissing all of Neerings' claims.

After this minute entry, a number of motions, minute entries, orders, and notices of appeal followed. On January 20, 1989, Neerings filed a motion entitled "Motion/Request for Findings," requesting that since defendants' motion was based on more than one ground, the court issue a brief written statement of the grounds for its decision. In this motion, Neerings cited Utah Rule of Civil Procedure 52(a)[2] and quoted language from it. However, in the motion, a request was made for the entry of "findings of fact," which, Neerings now argues, is a request appropriately made under Utah Rule of Civil Procedure 52(b).[3] On February 1, 1989, Neerings filed a motion entitled "Motion For New Trial and To Amend Judgment" pursuant to Utah Rule

of Civil Procedure 59 wherein he again requested that the court issue a brief written statement of the grounds for its decision. On February 6, 1989, the court entered an order granting summary judgment in favor of the Bar without acting on Neerings' rule 52(a) and rule 59 motions. On February 15, 1989, the trial judge entered an initialed minute entry denying Neerings' rule 52(a) motion, stating that "specific findings of fact are not required under the rules for the entry of summary judgment." The trial judge also stated that he agreed with the argument and citation of authorities stated in each of the Bar's points in its motion for summary judgment. On February 23, 1989, the court entered an initialed minute entry denying Neerings' rule 59 motion.

On March 9, 1989, thirty-one days after the February order granting the Bar's motion for summary judgment, Neerings filed a notice of appeal. On March 15, 1989, the trial court entered an order denying Neerings' motion for a new trial or to amend the judgment. On May 15, 1989, the Bar filed a motion to dismiss the appeal, in the supreme court, on the ground that the notice of appeal was granted prior to the time the trial court acted on Neerings' rule 59 motion. Neerings then sent a letter to the trial judge stating that there was only a minute entry denying the January 20 motion entitled "Motion/Request for Findings." Neerings prepared an order which characterized the January 20 motion as a motion to enter findings under rule 52(b) and enclosed it in the letter. This order was signed and entered on May 24, 1989. On June 6, 1989, Neerings filed a second

---

**2.** Utah Rule of Civil Procedure 52(a) provides in pertinent part:

(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon.... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous.... The trial court need not enter findings of fact and conclusions of law in ruling on motions, except as provided for in Rule 41(b). The court shall, however, *issue a brief written statement of the grounds for its decision* on all motions granted under Rules 12(b), 50(a) and (b), 56,

and 59 when the motion is based on more than one ground.

Utah R.Civ.P. 52(a) (emphasis added).

**3.** Utah Rule of Civil Procedure 52(b) provides in pertinent part:

(b) Amendment. Upon motion of party made not later than the 10 days after the entry of judgment the court may *amend its findings or make additional findings* and may amend the judgment accordingly. The motion may be made with a motion for new trial pursuant to Rule 59.

Utah R.Civ.P. 52(b) (emphasis added).

notice of appeal from the February 6, 1989 order granting summary judgment. Neerings claimed that the time for appeal was extended pursuant to rule 4(b) of the Rules of the Utah Supreme Court[4] by his January 20, 1989 motion, which Neerings characterized as a rule 52(b) motion. The Bar filed a second motion in the supreme court, claiming that the second appeal was not timely. The Bar argued that Neerings' January 20, 1989 motion was not a rule 52(b) motion but a rule 52(a) motion, which does not extend the time for filing a notice of appeal. Neerings responded by moving to consolidate the two appeals. On August 7, 1989, this court entered a minute entry consolidating the cases and denying defendants' motion to dismiss, but reserving the Bar's motion for plenary presentation and consideration.

On August 25, 1989, the trial court entered an order vacating its May 24 order, denying Neerings' January 20 "Motion/Request for Findings," and characterizing the January 20 motion as a rule 52(b) motion. On September 27, 1989, Neerings filed a third notice of appeal. On November 1, 1989, the trial court entered an order vacating its August 25, 1989 order, denying Neerings' January 20 "Motion/Request for Findings," and characterizing the January 20 motion as a rule 52(a) motion. On November 16, Neerings filed his fourth notice of appeal. On January 23, 1991, the latter two appeals were consolidated with the first two appeals and the issue of whether Neerings had timely filed a notice of appeal was again reserved for plenary presentation.

A number of substantive issues are presented in this appeal, including whether the Bar is a state agency within the contemplation of the Archives and Records Services and Information Practices Act, Utah Code Ann. §§ 63–2–59 to –89 (1989), and the Public and Private Writings Act, Utah Code Ann. §§ 78–26–1 to –8 (1987). However, this issue has heretofore been resolved by our decision in *Barnard v. Utah State Bar.*[5] In any event, the dispositive issue presented is whether Neerings filed a timely notice of appeal. In their briefs, both parties maintain that dispositive of the issue of the timely filing of the notice of appeal is whether the January 20, 1989 motion was a rule 52(b) motion, which tolls the time for appeal, or a rule 52(a) motion, which does not toll the time for appeal.

While rule 52(a) requires the trial court to state the grounds for its decision on summary judgment where the motion therefor is based on more than one ground, no mechanism is contained therein to enforce compliance. Likewise, rule 52(b) contains no such enforcement provision, its only purpose being to permit the filing of motions for amendment or the making of additional findings of fact, which, pursuant to rule 52(a), are not required in ruling upon motions for summary judgment. We therefore conclude that whether Neerings' motion was couched in terms of rule 52(a) or 52(b) makes no significant difference in the resolution of the issue presented.

Neerings cites and relies upon *Alford v. Utah League of Cities and Towns*[6] as authority for the proposition that rule 52(b) affords a mechanism to challenge the failure of the trial court to state the grounds for granting summary judgment. However, the *Alford* court declined to address

---

**4.** Rule of the Utah Supreme Court 4(b) provides in pertinent part:

(b) Motions post judgment or orders. If a timely motion under the Utah Rules of Civil Procedure is filed in the trial court by a party ... (2) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted ... or (4) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.... ˙A notice of appeal must be filed within the prescribed time measured from the entry of the order of the district court disposing of the motion as provided above.

**5.** 804 P.2d 526 (Utah 1991). There we concluded that the Bar is not a state agency within the meaning of the applicable acts. *Id.* at 529–30. This ruling apparently prompted plaintiff to forego the presentation of oral argument on this appeal.

**6.** 791 P.2d 201, 204 (Utah Ct.App.1990).

the issue on its merits for the reason that it had not been raised at trial and was presented for the first time on appeal.[7]

Inasmuch as summary judgment is only appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law,[8] the inclusion of the requirement in rule 52(a) that the court shall issue a statement of the ground for its decision cannot bear upon the undisputed factual basis for the decision. Hence, it can only bear upon alternative theories of law that may apply to the facts.

While it may be instructive for the trial court to inform the litigants of the legal basis for its decision, we are not persuaded that failure to do so constitutes reversible error. In any event, in the instant case, it appears that the trial court substantially complied with rule 52(a) by stating that it agreed with the argument and citation of authorities stated in each of the Bar's points in its motion for summary judgment.

A more important reason for inclusion of the requirement that the trial court state the ground for its decision in summary judgment cases is administrative in nature in that it would provide a ready basis for review on appeal. However, also from the administrative point of view, failure to state the grounds for its decision would not constitute reversible error. Rather, in an appropriate case, failure to do so may only justify remand to the trial court.

We therefore conclude that the notice of appeal was not timely filed. We are hence without jurisdiction, and the appeal is dismissed.

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice (dissenting):

I dissent. I would not dismiss the appeal. Neerings' motion filed on January 20 was entitled "Motion/Request for Findings." In the body, plaintiff moved the court "to enter Findings of Fact" in the

above matter. Despite whatever else may have been in the motion, I am satisfied that it requested relief under rule 52(b) and the time for appeal was tolled until the trial court ruled on the motion.

---

7. *See Espinal v. Salt Lake City Bd. of Educ.,* 797 P.2d 412, 413 (Utah 1990).

