**Robert J. DeBRY and Joan DeBry, Plaintiffs and Appellants,**

v.

**FIDELITY NATIONAL TITLE INSURANCE CO., Defendant and Appellee.**

No. 910329–CA.

Court of Appeals of Utah.

March 18, 1992.

Edward T. Wells (argued), Robert J. De-Bry & Associates, Salt Lake City, for plaintiffs and appellants.

Robert J. Dale (argued), Lynn C. McMurray, McMurray, McMurray, Dale & Parkinson, Salt Lake City, for defendant and appellee.

## OPINION

Before GARFF, GREENWOOD and RUSSON, JJ.

GARFF, Judge:

This is an appeal from a summary judgment dismissing the complaint of plaintiffs, Robert J. DeBry and Joan DeBry (DeBrys), against defendant Fidelity National Title Insurance Company (Fidelity). The summary judgment was certified by the trial court for appeal pursuant to Rule 54(b), Utah Rules of Civil Procedure. The underlying action, which involves multiple parties and multiple causes of action,[1] stems from DeBrys' purchase of an office building. As a threshold matter, Fidelity claims that notice of appeal was not timely filed, and therefore, this appeal should be dismissed. Because timely notice of appeal is jurisdictional, *Armstrong Rubber Co. v. Bastian*, 657 P.2d 1346, 1348 (Utah 1983); *Nelson v. Stoker*, 669 P.2d 390, 392 (Utah 1983), we must first determine whether DeBrys' notice of appeal was timely.

On March 28, 1990, after DeBrys and Fidelity presented oral argument, the trial court granted Fidelity's motion for summary judgment. The court directed Fidelity to prepare and submit to the court proposed findings of fact, conclusions of law,

and judgment in conformity with the court's ruling. Utah R.Civ.P. 52(a).

On April 24, 1990, Fidelity hand-delivered to DeBrys' counsel a copy of the proposed findings of fact, conclusions of law, and judgment. All other counsel were served by mail on April 25, 1990. After allowing the five-day objections period to run, as specified in Rule 4–504(2) of the Utah Rules of Judicial Administration,[2] Fidelity submitted the proposed findings of fact, conclusions of law, and judgment to the trial court on May 2, 1990. That same day, the trial court signed and the clerk of the court entered the findings of fact, conclusions of law, and judgment.

On May 7, 1990, five days after entry of judgment, DeBrys filed a document entitled "Plaintiffs' Objections and Additions to Proposed Findings of Fact and Conclusions of Law." In the document, DeBrys objected to various findings of fact and conclusions of law and argued that specific additional findings of fact and conclusions of law should be made by the trial court. On May 22, 1990, DeBrys filed a notice of appeal "from the order ... granting summary judgment ... entered ... on May 2, 1990."

On November 16, 1990, Fidelity mailed to DeBrys' counsel a copy of a proposed order denying DeBrys' objections and additions to proposed findings of fact and conclusions of law. The proposed order characterized DeBrys' objections and additions as a motion pursuant to Rule 52(b), Utah Rules of Civil Procedure.[3] DeBrys did not object to the proposed order. Thereafter, on December 11, 1990, the trial court signed the order expressly construing DeBrys' objections and additions as a post-judgment motion pursuant to Rule 52(b). The court's order, a copy of which had been previously mailed to DeBrys' counsel on November 16, 1990, stated, "IT IS HERE-

---

1. Appeals involving other parties in this action are now before this court.

2. Rule 4–504(2) provides that "[c]opies of the proposed findings, judgments, and orders shall be served upon opposing counsel before being presented to the court for signature unless the court otherwise orders. Notice of objections

shall be submitted to the court and counsel within five days after service."

3. Rule 52(b) provides in relevant part that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

BY ORDERED that Plaintiffs' motion pursuant to Rule 52(b), Utah Rules of Civil Procedure, to amend the proposed Findings of Fact and Conclusions of Law be and is hereby denied." DeBrys did not file a notice of appeal after the court's December 11, 1990, order, nor did they object to the order until some ten months later on October 21, 1991, when they filed a motion to amend pursuant to Rule 60, Utah Rules of Civil Procedure. After oral argument, the trial court denied the motion to amend.[4]

■ DeBrys argue that their document concerning objections and additions to proposed findings of fact and conclusions of law was not a Rule 52(b) motion and that the trial court erred in construing it as such.[5] In determining whether the court properly characterized DeBrys' document, we look to the document's substance rather than its caption. *See Armstrong*, 657 P.2d at 1347–48 (citing *Howard v. Howard*, 11 Utah 2d 149, 152, 356 P.2d 275, 276 (1960)); *Gallardo v. Bolinder*, 800 P.2d 816, 817 (Utah 1990) (per curiam). The court's conclusion that DeBrys' document constituted a Rule 52(b) motion is legal in nature; thus, it is accorded no particular deference and reviewed for correctness. *Grayson Roper Ltd. Partnership v. Finlinson*, 782 P.2d 467, 470 (Utah 1989); *City of W. Jordan v. Retirement Bd.*, 767 P.2d 530, 532 (Utah 1988). *But see Valenzuela v. Mercy Hosp.*, 521 P.2d 1287, 1288–89 (Colo.Ct.App.1974) (reviewing for "abuse of discretion" trial court's construction of motion to vacate as motion to amend under Rule 59(e)).

■ DeBrys insist that their document concerning objections and additions to findings of fact and conclusions of law should not have been construed as a Rule 52(b) motion because it did not constitute a "motion" per se.[6] They reason that because their document was an objection and not a post-judgment motion, Utah Rule of Appellate Procedure 4(b) does not apply, and that their notice of appeal was valid and that hence this court has jurisdiction to hear the appeal.[7]

■ Regardless of how it is captioned, a motion filed within ten days of the entry

---

4. The trial court's denial of the motion to amend is the subject of a separate notice of appeal filed on January 28, 1992.

5. In addition, DeBrys contend that the court erred by prematurely signing the findings of fact, conclusions of law, and judgment before the time for objections had run pursuant to Rule 4–504(2), Utah Rules of Judicial Administration. DeBrys' counsel was served with a copy of the proposed findings of fact, conclusions of law, and judgment on April 24, 1990, and all other counsel were served by mail on April 25, 1990. This service by mail, they claim, added three days to their five-day objections period of Rule 4–504(2), and therefore, all counsel had until May 7, 1990, to file their objections. Utah R.Civ.P. 6(a) and (e).

DeBrys' argument is without merit. They were served with a copy of the proposed findings of fact, conclusions of law, and judgment on April 24, 1990. Pursuant to the five-day objections period of Rule 4–504(2), excluding the intermediate Saturday and Sunday as required by Rule 6(a), DeBrys' objections were due May 1, 1990. On May 2, 1990, the trial court signed and the clerk of the court entered the findings of fact, conclusions of law, and judgment.

Although the five-day objections period for other counsel had not yet run, inasmuch as they were served by mail on April 25, 1990, the court's apparent oversight is inconsequential for two reasons. First, no other parties had an interest in nor did they oppose Fidelity's motion for summary judgment. Second, no objections were filed by other counsel, nor have other counsel complained that they should have been allowed to file objections.

6. A motion is an application made to the court for the purpose of obtaining a ruling or order directing some act to be done in favor of the applicant. *Elliot v. Elliot*, 797 S.W.2d 388, 392 (Tex.Ct.App.1990).

7. Rule 4(b) provides in relevant part:

If a timely motion under the Utah Rules of Civil Procedure is filed in the trial court by any party ... under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted ... the time for appeal for all parties shall run from the entry of the order denying ... such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order of the trial court disposing of the motion as provided above.

of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e).[8] *Armstrong*, 657 P.2d at 1347–48; *Gallardo*, 800 P.2d at 817; *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir.1983). The substance of a motion, not its caption, is controlling.[9] *See Armstrong*, 657 P.2d at 1348; *Gallardo*, 800 P.2d at 817. In the instant case, DeBrys' motion in substance requested the trial court to amend and make additional findings of fact and conclusions of law, a request recognized by Rule 52(b). Furthermore, DeBrys' motion was timely inasmuch as it was filed five days after entry of judgment.[10]

Based on the circumstances and the substance of DeBrys' motion, the trial court did not err in disposing of it as a post-judgment motion pursuant to Rule 52(b).[11]

■ Moreover, because the trial court, under Rules 50(b), 52(b), or 59, Utah Rules of Civil Procedure, can still alter or amend the judgment, amend its findings, or make additional findings, a notice of appeal is of no effect if filed prior to the disposition of a post-judgment motion under any of these rules. "A notice of appeal filed before the disposition of a proper post-judgment motion is ineffective to confer jurisdiction upon this court." *Transamerica Cash Reserve, Inc. v. Hafen*, 723 P.2d 425, 426 (Utah 1986) (per curiam); *accord Bailey v.*

*Sound Lab, Inc.*, 694 P.2d 1043, 1044 (Utah 1984); *U–M Invs. v. Ray*, 658 P.2d 1186, 1186–87 (Utah 1982) (per curiam). Once a timely post-judgment motion is made pursuant to one of these rules, to permit an appeal would be an affront to judicial economy inasmuch as the very purpose of such a motion is to allow a trial court to correct its own errors, thus avoiding needless appeals. *Cf. U–M Invs.*, 658 P.2d at 1187 (recognizing that the requirement of filing a notice of appeal after disposition of a post-judgment motion "may assist in discouraging delay in the judicial process"); 9 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 204.12[1], at 4–68, 4–69 & n. 5 (2d ed. 1991) (stating that "[t]he very purpose of such [post-judgment] motions is to permit the trial court to correct its own errors, and thus avoid needless appeals").

■ In the instant case, summary judgment was entered on May 2, 1990. DeBrys filed their Rule 52(b) motion on May 7, 1990, and their notice of appeal on May 22, 1990. The trial court denied DeBrys' Rule 52(b) motion on December 11, 1990. No further appeal was filed. As previously noted, Utah Rule of Appellate Procedure 4(b) requires the filing of a new notice of appeal within the prescribed time after entry of the trial court's order disposing of a Rule 52(b) post-judgment motion. Because DeBrys failed to file a notice of appeal after the court denied their post-judgment

---

**8.** Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

**9.** This is consistent with the requirement that the Utah Rules of Civil Procedure be liberally construed. Utah R.Civ.P. 1(a).

**10.** Additional reasons support the trial court's construction of DeBrys' motion as a Rule 52(b) post-judgment motion. After filing their motion, DeBrys made no attempt to withdraw the motion, nor did they attempt to communicate to the trial court that it was not a post-judgment motion. Despite their knowledge that judgment had been entered five days prior to the filing of their motion, DeBrys proceeded to file a notice of appeal. Moreover, by receiving a copy of the proposed order almost a month before the trial court's order disposing of their motion, DeBrys

were on notice that the court would construe their motion as a Rule 52(b) post-judgment motion.

**11.** The instant case is readily distinguishable from *Neerings v. Utah State Bar*, 817 P.2d 320 (Utah 1991), where the Utah Supreme Court held that motions for entry of findings, pursuant to Rule 52(a) or (b), filed after a trial court's granting of summary judgment without findings of fact, does not toll the time for appeal. *Id.* at 321–23. In contrast, the trial court in the case at bar sua sponte requested and signed findings of fact and conclusions of law after granting Fidelity's motion for summary judgment. Moreover, DeBrys' post-judgment motion, in contrast with that filed in *Neerings*, did not request an entry of findings; rather it requested the trial court to amend and make additional findings of fact and conclusions of law.

motion, we are without jurisdiction and the appeal is dismissed.

GREENWOOD and RUSSON, JJ., concur.