**Shawn F. REEVES and Julie N. Reeves, Plaintiffs, Appellees, and Cross-appellants,**

**v.**

**Thad B. STEINFELDT dba Steinfeldt Construction, Defendant, Appellant, and Cross-appellee.**

No. 950132–CA.

Court of Appeals of Utah.

April 18, 1996.

---

William M. Jeffs, Provo, for Appellant.

D. David Lambert and Phillip E. Lowry, Provo, for Appellees.

Before ORME, DAVIS and BILLINGS, JJ.

## AMENDED OPINION [1]

BILLINGS, Judge:

This is an appeal from a judgment determining appellant/cross-appellee Steinfeldt improperly filed a mechanics' lien against property owned by appellees/cross-appellants the Reeves and awarding the Reeves an offset from the amount they owed Steinfeldt under their construction contract. As a threshold matter, we must determine whether Steinfeldt's notice of appeal was timely filed, and therefore, whether we have jurisdiction. We conclude it was not and dismiss Steinfeldt's appeal for lack of jurisdiction. We therefore only reach the merits of the Reeves' cross-appeal, which we reverse in part and affirm in part.

## FACTS

The Reeves owned real property in Lindon, Utah, upon which they constructed a home. Steinfeldt acted as their general contractor. Steinfeldt failed to complete the work as promised, and the Reeves were forced to hire others to complete construction of the home. The Reeves had made all payments owing Steinfeldt under their agreement through October 1993. On November 5, 1993, Steinfeldt filed a mechanics' lien against the property in the amount of $17,929. As a result of this mechanics' lien, the Reeves were required to escrow 150% of the lien amount to close their long-term financing. To meet this additional escrow demand, the Reeves drew on their line of credit with Security Pacific Professional Services (Security Pacific) in the amount of $16,500, and borrowed the remainder of the required escrow from a business owned by Mr. Reeves. On December 22, 1993, Steinfeldt filed an amended lien, reducing his claim to $12,-

---

1. This Amended Opinion replaces the Opinion in Case No. 950132–CA issued on February 15, 1996.

764.19. A portion of the escrowed funds were thereafter released to the Reeves.

The Reeves filed suit against Steinfeldt, claiming Steinfeldt wrongfully filed his mechanics' lien and requesting an offset for the replacement labor necessitated by Steinfeldt's failure to complete the construction and for the cost of escrowing additional funds.

On October 17, 1994, after a bench trial, the trial court issued a Memorandum Decision, concluding Steinfeldt had filed a premature, excessive lien. The court therefore awarded the Reeves offset damages for the cost of finishing construction, the cost of escrowing monies for the lien, and attorney fees. The trial court directed the Reeves' counsel to prepare an appropriate order. *See* Utah R.Civ.P. 52(a).

On October 25, Steinfeldt filed a Motion for Reconsideration with the trial court, requesting the court to reconsider its October 17 ruling. The trial court did not rule on this motion until after a final judgment had been signed and entered.

On October 27, the Reeves' counsel sent Steinfeldt a copy of "Plaintiff's Proposed Findings of Fact, Conclusions of Law and Judgment." On November 4, in compliance with Rule 4-504(2) of the Utah Code of Judicial Administration,[2] the Reeves presented a copy of the Proposed Findings, Conclusions, and Judgments to the trial court. The signed findings and judgment were entered in the court's docket on November 7.

Unaware that judgment had been entered, on November 8, Steinfeldt sent the Reeves his objections to the proposed findings and judgment.[3] On November 9, the Reeves sent Steinfeldt notice of the judgment. Steinfeldt thereafter filed an Ex Parte Motion for an Extension to File an Appeal, which the trial court granted on December 2.

On December 8, the trial court issued a second Memorandum Decision denying Steinfeldt's Motion for Reconsideration and his Objections to the Reeves' Proposed Findings, Conclusions, and Judgment and directing the Reeves to prepare an appropriate order. The trial court signed that order on January 3, 1995.

Steinfeldt filed a Notice of Appeal on December 27, 1994. The Reeves filed a Notice of Cross-Appeal on January 11, 1995.

## ANALYSIS

### Jurisdiction

■ On appeal, the Reeves contend that under Rule 4(b) of the Utah Rules of Appellate Procedure, Steinfeldt's Notice of Appeal was untimely because it was filed before entry of the trial court's order denying Steinfeldt's post-judgment motion objecting to the proposed findings and conclusions. Conversely, Steinfeldt claims that neither his motion nor his objections constituted post-judgment motions under Rules 52 or 59 of the Utah Rules of Civil Procedure and therefore his appeal was timely. Steinfeldt also contends the Reeves' cross-appeal should be dismissed as untimely as it was filed more than fourteen days after Steinfeldt's own notice of appeal. *See* Utah R.App.P. 4(d).

In pertinent part, Rule 4 of the Utah Rules of Appellate Procedure provides with our emphasis:

(a) **Appeal from final judgment and order.** In a case in which an appeal is permitted as a matter of right from the trial court to the appellate court, the notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from....

(b) **Motions post judgment or order.** If a timely motion under the Utah Rules of Civil Procedure is filed in the trial court by any party ... under Rule 52(b) to amend or make additional findings of fact, wheth-

---

**2.** Rule 4-504(2) provides:
    Copies of proposed findings, judgments, and orders shall be served upon opposing counsel before being presented to the court for signature unless the court otherwise orders. Notice of objections shall be submitted to the court and counsel within five days after service.

Utah Code Jud.Admin. R4-504(2).

**3.** Pursuant to Rule 4-504, discussed *supra*, Steinfeldt's objections, which were filed *nine days* after Steinfeldt's receipt of the proposed findings and judgment, were not timely.

er or not an alteration of the judgment would be required if the motion is granted; [ ] under Rule 59 to alter or amend the judgment; or [ ] under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. . . . *A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed* within the prescribed time measured from the entry of the order of the trial court disposing of the motion as provided above.

. . . .

(d) **Additional or cross-appeal.** If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by paragraph (a) of this rule, whichever period last expires.

*DeBry v. Fidelity National Title Insurance Co.,* 828 P.2d 520 (Utah App.1992) is extremely helpful in resolving this jurisdictional question. In *DeBry,* as in this case, this court was asked to determine whether a notice of appeal was timely where post-judgment motions were filed and considered by the court. *Id.* at 521–22. The facts of *DeBry* are strikingly similar to those before us.

On March 28, 1990, the trial court granted Fidelity's motion for summary judgment, dismissing the DeBrys' complaint. The court thereafter directed Fidelity to prepare and submit proposed findings of fact, conclusions of law, and judgment in conformity with the court's ruling. Fidelity hand-delivered to the DeBrys' counsel a copy of the proposed findings and judgment on April 24. On May 2, Fidelity submitted the proposed findings, conclusions, and judgment to the trial court. The trial court signed and the clerk entered the findings, conclusions, and judgment that same day. On May 7, twelve days after their receipt of the proposed findings and five days after entry of judgment, the DeBrys filed a document entitled "Plaintiffs' Objections and Additions to Proposed Findings of Fact and Conclusions of Law." In that document, the DeBrys objected to various findings and con-

clusions and argued that specific additional findings and conclusions should be made by the trial court. Thereafter, on May 22, the DeBrys filed a notice of appeal "from the order granting summary judgment . . . entered . . . on May 2, 1990." On November 16, Fidelity mailed the DeBrys a copy of a proposed order denying the DeBrys' objections and additions. The trial court signed the order on December 11, stating "IT IS HEREBY ORDERED that Plaintiffs' motion pursuant to Rule 52(b), Utah Rules of Civil Procedure, to amend the proposed Findings of Fact and Conclusions of Law be and is hereby denied." *Id.* Following entry of this order, the DeBrys did not file a new notice of appeal.

On appeal, the DeBrys argued their objections and additions to the proposed findings, conclusions, and judgment was not a Rule 52 motion. Specifically, the DeBrys contended the document did not constitute a "motion" per se, reasoning that it was an *objection* and not a post-judgment motion. *Id.* Thus, the DeBrys claimed that Rule 4(b) did not bar their notice of appeal and that this court therefore had jurisdiction to hear their appeal. In concluding that the DeBrys' notice of appeal was not timely filed, this court stated: "In determining whether the [trial] court properly characterized DeBrys' document, we look to the document's substance rather than its caption." *Id.* We continued that regardless of its caption, "a motion filed within ten days of the entry of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e)." *Id.* at 522–23. This court concluded that, in substance, the DeBrys' motion requested the trial court to amend and make additional findings of fact and conclusions of law, and thus was a Rule 52 post-judgment motion. Moreover, this court held that, because the trial court can still alter or amend its judgment or findings and conclusions under Rules 50, 52, and 59, "a notice of appeal is of no effect if filed prior to the disposition of a post-judgment motion." *Id.* at 523; *accord Bailey v. Sound Lab, Inc.,* 694 P.2d 1043, 1044 (Utah 1984); *see also Swenson Assocs. Architects v. Division of Facili-*

*ties Constr.*, 889 P.2d 415, 417 (Utah 1994) (dismissing for lack of jurisdiction appeal filed after entry of signed minute entry but before entry of final order).

In the instant case, the Reeves claim, and we agree, that Steinfeldt's November 8 Objections to the Proposed Findings, Conclusions, and Judgment is in substance a Rule 59 motion, inasmuch as it asks the court to alter its findings and to amend its conclusions and judgment.[4] In this motion, Steinfeldt objects to the trial court's calculation of damages and the naming of a prevailing party in the underlying action. He asserts the trial court incorrectly determined the issues of substantial completion and whether Steinfeldt's lien had been wrongfully filed. Steinfeldt's motion does more than merely the object to Reeves' proposed findings and judgment. It urges the court to amend its findings and to alter its legal conclusions and judgment. Thus, the time for filing a notice of appeal was tolled until January 3, when the trial court denied this motion.[5] We therefore must dismiss Steinfeldt's appeal because it was filed before January 3, the date of the court's final order, and because Steinfeldt failed to file a new notice of appeal after that date.[6]

The Reeves' cross-appeal is, however, timely as it was filed in compliance with both subsections (a) and (b) of Rule 4 of the Utah Rules of Appellate Procedure, requiring that notice of appeal be filed within thirty days after the date of entry of the judgment or order appealed from.

As with post-judgment motions, we look to the substance of a notice of appeal and not its caption. For this reason, because Steinfeldt's notice of appeal is dismissed for lack of jurisdiction, we view the Reeves' notice not as a Notice of Cross-Appeal but as a Notice of Appeal. In so ruling, we note that a party wishing to appeal is required to file a notice of appeal with the trial court. Likewise, a party wishing to file a cross-appeal of appeal filed the date the order denying his motion was signed. *See* Utah R.App.P. 4(c).

4. We need not reach the issue of the status of the October 27 motion filed post-memorandum decision, but pre-judgment. Even if we were to conclude that this motion was something other than the "functional equivalent" to a Rule 59 motion, this is of no help to Steinfeldt. His subsequent motion tolled the time for the filing of an appeal, *see DeBry v. Fidelity Nat'l Title Ins. Co.*, 828 P.2d 520, 522 (Utah App.1992), and thus invalidated his premature notice of appeal.

5. Furthermore, Steinfeldt's motion to extend the time for filing an appeal has no effect on this jurisdictional issue. Steinfeldt filed and was granted an extension of time to appeal the November 7 findings, conclusion, and judgment. Steinfeldt's subsequent post-judgment motion made the November 7 judgment irrelevant for jurisdictional purposes.

6. In *Workman v. Nagle Construction, Inc.*, 802 P.2d 749, 751 (Utah App.1990), this court held that failure to give notice of entry of judgment does not invalidate a judgment; rather it is a factor for the court to consider in ruling on post-judgment motions. In the instant case, Steinfeldt insists that his failure to receive notice of entry of judgment in a timely manner should likewise be considered a factor in determining the substance of his post-judgment objections. He contends that because the Reeves did not mail Notice of Entry of Judgment until five days after the trial judge had signed the Proposed Findings, Conclusions, and Judgment—one day after Steinfeldt filed his objections with the trial court—this court cannot construe his objections as a Rule 59 motion and should deem his notice

This argument overlooks important considerations regarding constructive notice and Steinfeldt's own failure to adhere to judicial rules. First, a party to a lawsuit is on constructive notice of the contents of the court record and has a duty to be aware of what the trial court does. In the instant case, although he had not yet received notice of entry of judgment, Steinfeldt was chargeable with such notice. Moreover, under Rule 4–504(2) of the Utah Rules of Judicial Administration, a party has five days after receipt of proposed findings and judgments to file an objection. The Reeves mailed Steinfeldt a copy of their proposed findings on October 27. Allowing three days for mailing, Steinfeldt's objections would have to have been received by the trial court by 5:00 p.m. on November 4. Steinfeldt did not file his objections until four days later, on November 8. It was incumbent upon Steinfeldt to determine whether judgment had been signed and entered before lodging his objections before the trial court. Thus, he cannot complain on appeal that his failure to learn of the judgment or to timely file his objections is the result of the Reeves' failure to provide an adequate notice of judgment. Furthermore, Steinfeldt received notice of the entry of the judgment and thus was aware that his prior motion was, in fact, a post-judgment motion. He therefore should have been aware that the time to file an appeal was tolled until the court denied this post-judgment motion, and that he must file a second notice of appeal.

also must file a notice with the trial court. Moreover, there is no difference in the filing fee paid. Further, if both parties had filed a notice of appeal, we would merely designate the second notice as a notice of cross-appeal for briefing purposes. *See* Utah R.App.P. 24(g). We therefore determine whether the Reeves' Notice of Appeal is timely under Rule 4(a). As the Reeves' notice was filed eight days after the trial court's order denying Steinfeldt's objections—well within the thirty days set forth by rule—it is properly before this court. *See* Utah R.App.P. 4(a).

## CROSS–APPEAL

■ In their cross-appeal, the Reeves argue the trial court erred when it awarded them only $403 as the cost of escrowing additional funds and failed to award them separate damages for the delay in closing caused by Steinfeldt's wrongful conduct. Whether the trial court erred in calculating the amount of damages or in failing to award the Reeves separate damages for the delay in closing, presents a question of fact which this court will not overturn unless it is clearly erroneous. *See* Utah R.Civ.P. 52(a).

In its Memorandum Decision and Findings of Fact, the trial court awarded the Reeves "$403 in interest for the monies they were forced to escrow in this matter." The Reeves assert the proper damages supported by the record is $1,842.20, noting the $403 figure reflects the cost of the delay in closing created by Steinfeldt's premature lien.

The testimony of cross-appellant Mr. Reeves regarding these damages was unchallenged at trial. In relevant part, Mr. Reeves testified:

Q [Reeves' counsel] And have you then attempted to calculate the interest differential between the amount that you had financed on your construction loan at the construction loan rate compared to the same amount at the long-term financing rate for those ten days that you were delayed in closing?

A Yes, we have. And the one [construction loan rate] was a base plus two, which would be six [percent] plus two was eight [percent]. And our long-term [rate] was four and an eighth [percent]. The eight days of interest [due to the delay in closing] came to approximately $403.

Q With respect to the cost of having to escrow the money at Security Title Company, have you attempted to calculate that based on Exhibit No. 20 [copies of payment records for the money borrowed to meet the escrow demand]?

A Yes, we have. This was a little more confusing because it's a variable rate signature loan, and every month the rate can change. And it goes anywhere from 12.9[percent] to 13.9[percent] to 14.6[percent]. Just taking an average and estimating it, it came out to about $1,842.20, the finance charge we paid.

Q Now, that's just what you paid to Security Pacific; correct?

A Yes. . . .

Q You also borrowed additional monies besides what is reflected on Exhibit 20; correct?

A That's correct.

Q Approximately another $10,000 from your business?

A Yeah. . . .

Q But I'm just talking about the amount that's—the Security Pacific was for 16,500; correct?

A That's correct.

. . . .

Q And so the interest that you've stated is just on the amount that you borrowed from a commercial lender?

A. That's correct. I didn't charge any interest from my business.

It is clear the trial court sought to award the Reeves damages for the interest they were assessed on the $16,500 borrowed from Security Pacific. From a review of Mr. Reeves's testimony and the trial court's subsequent memorandum · decision and judgment, it is apparent that the trial court simply used the wrong figure. Based upon the record, we conclude the trial court erred when it awarded the Reeves only $403 as damages for the cost of having to escrow additional monies. The undisputed testimony at trial supports an award of $1,842.20 in

set-off damages for the cost of escrowing additional monies.

■ However, the trial court did not err by not awarding the Reeves additional damages (in the amount of $403) for the eight-day delay in closing. While the Reeves presented evidence at trial regarding the costs of the eight-day delay, neither the Reeves' complaint nor the Reeves' counsel in his closing argument specifically requested the trial court to award the Reeves separate damages for this delay. Moreover, prior to initiating this appeal, the Reeves never objected to the trial court's failure to award such damages.[7] Because this issue was not properly preserved at trial, we decline to address it. *West One Bank v. Life Ins. Co. of Va.*, 887 P.2d 880, 882 n. 1 (Utah App.1994).

## ATTORNEY FEES

■ On May 10, 1995, the Reeves filed a motion for summary disposition with this court requesting their attorney fees on appeal. On May 30, we deferred this motion for plenary consideration. In part, the Reeves claim, that as the prevailing party in an action brought to enforce a lien, pursuant to Utah Code Ann. § 38–1–18 (Supp.1995), they are entitled to the attorney fees expended in defending the instant action. We agree.

Section 38–1–18 provides in part, "in any action to enforce any lien under this chapter the successful party *shall be entitled* to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." *Id.* (emphasis added). The language of this statute is mandatory, not discretionary, *see Richards v. Security Pac. Nat'l Bank*, 849 P.2d 606, 612 (Utah App.

1993) (awarding attorney fees on appeal), thus an award of reasonable attorney fees is appropriate. We therefore remand this case to the trial court for an award of such fees.

## CONCLUSION

We conclude Steinfeldt's notice of appeal was not timely filed and therefore dismiss Steinfeldt's appeal for lack of jurisdiction. We hold, however, that the Reeves' notice of appeal, was timely filed and therefore we address the merits of that appeal. Accordingly, we find the trial court erred when it awarded the Reeves only $403 as damages for the cost of escrowing additional monies, concluding that from the uncontroverted testimony at trial, the Reeves suffered damages in the amount of $1,842.20. We therefore reverse and remand on the cross-appeal for the entry of the correct amount of damages. Moreover, we decline to address the Reeves' claim that the trial court erred when it failed to also award the Reeves damages for the delay in closing created by Steinfeldt's conduct, as that issue was not properly preserved at trial. Finally, having prevailed below and in the instant action, we remand to the trial court for an award of the reasonable attorney fees the Reeves incurred in defending this appeal.

ORME, P.J., and DAVIS, Associate P.J., concur.

---

7. This is especially troubling in this case as it was the Reeves' counsel who prepared the Findings of Fact, Conclusions of Law, and Judgment which the trial court signed. Thus, the Reeves were clearly on notice of the substance of the trial court's findings and judgment and therefore should have objected below in order to give the trial court an opportunity to reassess its ruling in light of the evidence before the court.