INTERLAKE DISTRIBUTORS, INC.; Jones Paint & Glass, Inc.; Southam & Warburton Aluminum, Inc.; et al., Plaintiffs and Appellants,

v.

OLD MILL TOWNE, a limited partnership; Deseret Pacific Mortgage Company; et al., Defendants and Appellees,

v.

OLD MILL TOWNE, INC., a Utah corporation, Intervenor.

No. 970549–CA.

Court of Appeals of Utah.

March 19, 1998.

M. Dayle Jeffs, Provo, for Appellants.

George A. Hunt, Salt Lake City, for Appellee Old Mill Towne.

Ronald G. Russell and Bruce A. Maak, Salt Lake City, for Appellee Deseret Pacific Mortgage Company.

Before WILKINS, Associate P.J., and BILLINGS and ORME, JJ.

## OPINION

BILLINGS, Judge:

Jones Paint & Glass, Inc. and Southam & Warburton Aluminum, Inc. appeal a grant of summary judgment dismissing Deseret Pacific Mortgage Company and Old Mill Towne, Inc. from appellants' mechanics' lien action. We affirm.

## FACTS

In May 1984, Deseret Pacific Mortgage Company (Deseret Pacific) became the construction lender for the Old Mill Towne apartments (the Property). Appellants performed work during construction of the project, with Jones Paint & Glass completing its work on February 4, 1985, and Southam & Warburton Aluminum completing its work on the fifteenth of the same month. Both appellants recorded a notice of mechanics' lien in March 1985. On October 2, 1985, appellants filed their lien foreclosure suit against Deseret Pacific, among other parties. Appellants however, did not serve a summons on Deseret Pacific. Several other contractors had instituted lien foreclosures in connection with the Old Mill project, and in March 1986, A & Y Building Supply filed a motion to consolidate, which included appellants' actions against Deseret Pacific.

After the lien foreclosure actions commenced, Old Mill Towne defaulted on its trust deed, and the deed holder foreclosed. Old Mill Towne, Inc. (Old Mill), a separate entity from Old Mill Towne, ultimately obtained the Property in December 1989. In 1991, Old Mill filed a motion to intervene on the basis that it currently held title to the Property and that it believed its title was superior to appellants' mechanics' liens. Old Mill was subsequently joined in the action as an intervenor.

Old Mill and Deseret Pacific filed motions for summary judgment to quiet title on the Property. They argued that because appellants failed to file a lis pendens giving notice of the lawsuits, their liens were void as they did not know of the lawsuit within twelve months after appellants completed their work. The trial court granted summary judgment in favor of both parties, concluding neither had actual knowledge of appellants' lawsuits within the requisite statutory one-year period. The trial court reserved the issue of whether Deseret Pacific was entitled to attorney fees until after litigation on appellants' contract claims against other parties.

During the trial on appellants' remaining claims, Deseret Pacific presented evidence of attorney fees it incurred defending against appellants' mechanics' lien claims. In its final order, the trial court declined to award attorney fees to Deseret Pacific. Both appellants and Deseret Pacific filed motions for a new trial. Appellants sought a new trial on the summary judgment order dismissing their mechanics' lien actions against Deseret

1297

Pacific and Old Mill. Deseret Pacific sought a new trial on the issue of attorney fees. After the parties filed their motions, the Fourth District was consolidated. Until this time Judge Burningham had presided over the case. As a result of the consolidation, however, Judge Burningham's civil cases were transferred to Judge Schofield, who heard the parties' motions. Judge Schofield denied appellants' motion but granted Deseret Pacific's and ordered appellants to pay attorney fees to Deseret Pacific in the amount proven at trial. This appeal followed.

Appellants argue the trial court improperly granted summary judgment because appellants presented sufficient evidence to create an issue of fact as to whether Deseret Pacific and Old Mill actually knew of their mechanics' lien litigation within the one-year statutory period. Appellants also assert Judge Schofield did not have the authority to reverse Judge Burningham's order denying attorney fees to Deseret Pacific.[1]

## ANALYSIS

### I. Summary Judgment

■ Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). We review the trial court's grant of summary judgment for correctness. *See Kitchen v. California Gas Co.,* 821 P.2d 458, 460 (Utah Ct.App.1991). In determining whether the moving party was entitled to summary judgment, "we view all relevant facts, including all inferences arising from the facts, in the light most favorable to the party opposing the motion." *Id.*

Appellants argue they presented sufficient evidence to support the reasonable inference that Deseret Pacific and Old Mill actually knew that appellants had instituted foreclosure actions on their liens within twelve months of their completing work on the project.

Deseret Pacific and Old Mill argue they are entitled to summary judgment under Utah's mechanics' lien statute, which provides:

Actions to enforce the liens herein provided for must be begun within twelve months after the completion of the original contract, or the suspension of work thereunder for a period of thirty days. Within the twelve months herein mentioned the lien claimant shall file for record with the county recorder of each county in which the lien is recorded a notice of the pendency of the action, in the manner provided in actions affecting the title or right to possession of real property, *or the lien shall be void, except as to persons who have been made parties to the action and persons having actual knowledge of the commencement of the action,* and the burden of proof shall be upon the lien claimant and those claiming under him to show such actual knowledge.

Utah Code Ann. § 38–1–11 (1974) (amended 1994) (emphasis added). It is undisputed that appellants did not file notice of the pendency of the action—a lis pendens—as the statute requires. Thus, under the plain language of the statute, appellants' liens are void against Deseret Pacific and Old Mill unless within twelve months from the time appellants completed their work, Deseret Pacific and Old Mill were either made parties to or had actual knowledge of the lawsuit. *See e.g., Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.,* 798 P.2d 738, 752 (Utah 1990) ("Only when the claimant fails to timely record the lis pendens can an interested person argue that it is not subject to the lien, and then only if such person was not named as a party and did not have actual knowledge of the action.")

### A. Deseret Pacific

■ Deseret Pacific was named as a party to appellants' lawsuit when the action was first filed in October 1985. However, merely naming a person in a lawsuit is not sufficient to make that person a party; one is a party to a lawsuit only if named *and* served. *See, e.g., Dahnken, Inc. v. Wil-*

1. Appellants also argue that Judge Schofield's ruling violated their constitutional right to due process. Because we conclude no basis exists for appellants' claim their constitutional rights were violated, we do not address this argument.

*marth,* 726 P.2d 420, 421 n. 1 (Utah 1986). Deseret Pacific was not served with a complaint in appellants' action until several years after the twelve-month period required in section 38-1-11. Thus, because Deseret Pacific was not made a party within the requisite time period, it must have actually known about appellants' lawsuit within twelve months of appellants' completion of work, February 1986, to be subject to appellants' liens.

■ Appellants concede on appeal that they did not present evidence to the trial court that demonstrated Deseret Pacific actually knew of appellants' litigation within the required twelve-month period. Appellants argue, however, that taken as a whole, the evidence supports the reasonable inference that Deseret Pacific knew the litigation had begun. Appellants place particular emphasis on several pieces of evidence involving communications with Deseret Pacific's counsel.[2]

Appellants first point to hand written notes indicating counsel for Associated Title Company spoke with counsel for Deseret Pacific sometime after 1988 about appellants' lawsuits. According to appellants, when viewed in a light most favorable to their position, these notes support the inference that Deseret Pacific, through its counsel, knew of the litigation before February 1986. We disagree. The fact that appellants knew of the lawsuits after the statutorily required period does not support the inference that they knew of the lawsuit during the required period.

Appellants also point to a letter from Deseret Pacific's counsel dated December 31, 1985. The letter lists appellants' liens, among twenty others, and the dates they were recorded. The letter also mentions that "several mechanic's lienors commenced actions to foreclose their liens" and that the lien claimants had a good argument that they had priority over Deseret Pacific's interest in the property. According to appellants, the fact that their lien litigation was commenced two months before the letter and that the letter was written within the twelve-month

statutory period, "may [lead] to the inference that [counsel] was referring to the litigation in the case at bar."

■ We disagree. That only "several" of some twenty lienors had commenced litigation does not suggest that appellants are necessarily in that small group. Importantly, the statute does not permit constructive notice or inquiry notice to qualify as a substitute for a lis pendens, but only *actual* notice. If appellants had submitted, for example, an affidavit by counsel to whom the letter was written stating he understood that the lawsuits referred to included appellants action, appellants' point would be well taken. The December 31 letter taken alone does not support the inference that Deseret Pacific's counsel actually had actual knowledge of the lawsuit within the statutory period. Appellants simply did not put sufficient facts before the court on summary judgment to support an inference of actual knowledge.

Appellants next point out that in a letter dated January 20, 1986—within the requisite period—Deseret Pacific was informed of settlement negotiations between appellants and the Property owners. In the letter, counsel for the Property's owners lists appellants' liens, among numerous others, and lists the settlement figure approved for each creditor. Appellants argue the reasonable inference to be drawn from the letter is that the settlement offer came in response to appellants' litigation. However, the letter itself undercuts the inference appellants' argument is reasonable. The letter states that "many of the claimants ... *will pursue* legal action and attempt to recover the full amount of their claims" if the deal does not close soon. (Emphasis added.) Furthermore, the letter does not mention any existing litigation on any of the claims. Thus, we cannot conclude this letter supports the inference that Deseret Pacific knew of appellants' litigation.

None of the evidence appellants submitted to the trial court supports the reasonable inference Deseret Pacific knew of appellants' litigation within the statutory period. Taken as a whole, the evidence does not raise an issue of fact as to whether Deseret Pacific

---

2. The other evidence appellants presented to the trial court, including motions to consolidate and answers in other foreclosure actions on the Property, demonstrate only that Deseret Pacific knew of the liens within the twelve-month period and that it knew of the litigation after the twelve-month period.

had actual knowledge of appellants' litigation within the twelve-month period.

## B. Old Mill

■ Appellants argue that because the company that conducted a title search and provided insurance on the Property for Old Mill actually knew of the litigation, it is reasonable to infer Old Mill knew of the litigation. We disagree. In its motion for summary judgment, the president of Old Mill, who conducted the purchase of the Property, submitted an affidavit in which he stated he learned of appellants' litigation in July 1991. The only evidence appellants provided to counter the president's statement was evidence demonstrating that Associated Title Company knew of appellants' litigation. Appellants introduced evidence that Associated Title conducted a title search and provided insurance for Old Mill when the president purchased the Property in 1989 and that he knew of appellants' liens when he purchased the Property. This evidence simply does not support the reasonable inference that the president knew of actual litigation to enforce those liens when he purchased the Property. Accordingly, the trial court did not err in granting Old Mill's summary judgment to quiet title on the Property.

The evidence before the trial court failed to demonstrate a genuine issue as to whether Deseret Pacific or Old Mill *actually* knew appellants began their litigation before the statutory period expired. Therefore the trial court correctly entered summary judgment in favor of Deseret Pacific and Old Mill.[3]

## II. Law of the Case

■ Appellants finally argue the doctrine of law of the case precluded Judge Schofield, as Judge Burningham's equal, from granting a new trial and "overruling" Judge Burningham's decision to deny attorney fees to Deseret Pacific.[4] Because we conclude Judge Schofield was *acting* as the same judicial officer when he ruled on the attorney fees issue, we hold Judge Schofield's decision was proper.

One aspect of the doctrine of law of the case provides that " 'one district court judge cannot overrule another district court judge of equal authority.' " *Trembly v. Mrs. Fields Cookies,* 884 P.2d 1306, 1311 (Utah Ct.App. 1994) (quoting *Mascaro v. Davis,* 741 P.2d 938, 946 (Utah 1987)). The purpose of this doctrine is to " 'avoid the delays and difficulties that arise when one judge is presented with an issue identical to one which has already been passed upon by a coordinate judge in the same case.' " *Id.* at 1311 (quoting *Mascaro,* 741 P.2d at 946). The law of the case doctrine does not apply in this case, however, because Judge Burningham was replaced in the case by Judge Schofield during the pendency of Deseret Pacific's motion for a new trial and thus he became the same judicial officer.

After Judge Burningham entered his final order, Deseret Pacific filed a motion for a new trial within the period required under Rule 59 of the Utah Rules of Civil Procedure. After Deseret Pacific filed its motion, the Fourth District was consolidated and, by reason of administrative reshuffling prompted by consolidation, Judge Burningham's civil cases all were assigned to Judge Schofield. We have previously held that the law of the case did not prevent a different judge from revisiting an interim order issued in a case by a prior judge. *See Trembly,* 884 P.2d at 1311. This is because " [i]n a sense, the two judges, while different persons, constitute a single judicial office for law of the case purposes.' " *Id.* at 1311 n. 4 (quoting *Gillmor v. Wright,* 850 P.2d 431, 439–40 (Utah 1993) (Orme, J., concurring)). Although *Trembly* involved an interim order reviewed under Rule 54(b) by a different judge on a rotating judge calendar, the principle is the same in this case. Judge Schofield replaced Judge Burningham in appellants' case. Thus, as long as Judge Burningham would have had the authority to grant a new trial, Judge Schofield also had the authority. *Cf. Gillmor,* 850 P.2d at 440 (Orme, J., concurring) (stating that "if Judge Murphy could have deviated from his own prior interim decision

---

3. We also conclude the trial court did not abuse its discretion in denying appellants' motion for a new trial.

4. Although appellants include Old Mill in their argument on this issue, Old Mill never requested attorney fees under the mechanics' lien statute and Judge Schofield's order awarding attorney fees to Deseret Pacific does not mention Old Mill.

... he could have deviated from [the prior judge's in the case]").

Deseret Pacific filed its motion on the ground that the trial court erred when it concluded the award of attorney fees is discretionary under Utah Code Ann. § 38–1–18 (1997).[5] Judge Schofield agreed, noting this court has recently held that attorney fees awards under section 38–1–18 is "mandatory, not discretionary." *Reeves v. Steinfeldt*, 915 P.2d 1073, 1079 (Utah Ct.App.1996). This legal error therefore provided a proper basis for a new proceeding pursuant to Rule 59. Because Judge Burningham could have properly granted Deseret Pacific's motion for a new trial, Judge Schofield could also grant the motion. Therefore Judge Schofield's decision to grant a new trial and award attorney fees to Deseret Pacific was not error.

## CONCLUSION

Appellants failed to present evidence supporting a reasonable inference that Deseret

Pacific and Old Mill knew of appellants' lawsuit within the one-year period required by Utah's mechanics' lien statute. Accordingly, we conclude the trial court did not err in granting summary judgment in favor of Deseret Pacific and Old Mill. We also hold that when Judge Schofield took over this case from Judge Burningham, Judge Schofield had the authority to grant a new trial on the basis of legal error. We therefore affirm the award of attorney fees in favor of Deseret Pacific and remand the case for a determination and award of reasonable attorney fees incurred by Deseret Pacific in this appeal.

WILKINS, Associate P.J., and ORME, J., concur.

---

5. Utah's mechanics' lien statute provides that "in any action to enforce any lien under this chapter the successful party *shall be entitled* to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38–1–18 (1997) (emphasis added).