**D & L SUPPLY, Plaintiff and Appellee,**

v.

**John SAURINI, Defendant and Appellant.**

No. 860261.

Supreme Court of Utah.

June 8, 1989.

William J. Cayias, Salt Lake City, for appellant.

Robert L. Moody, Provo, and Diane Hensley–Martin, Englewood, for appellee.

ZIMMERMAN, Justice:

John Saurini appeals from the trial court's grant of summary judgment in favor of D & L Supply for money owed on an open account. Saurini asserts that the court did not have personal jurisdiction over him and that in fixing the amount owed D & L, the trial court relied on inadmissible hearsay evidence. We affirm.

The facts are straightforward. D & L, a Utah corporation, filed an action against Saurini for sums due D & L for goods sold to a Colorado corporation owned in part by Saurini. D & L alleged in its complaint that Saurini agreed to be personally liable for orders he made on behalf of the corporation. D & L sought judgment for the amount of the unpaid invoices, interest, attorney fees, and court costs for a total of $218,329.90. Saurini filed an answer, asserting that he was not personally responsible for the unpaid bills and that the court had no jurisdiction over him.

D & L filed a motion for summary judgment supported by the affidavit of Jack Leftwich, D & L's president. Leftwich asserted facts that supported the court's personal jurisdiction over Saurini, the allegation that Saurini had agreed to be liable for the unpaid debts, and the claim that $140,-319.11 plus interest was due. D & L also filed a statement of undisputed facts, as required by court rule 2.8. R. Practice—

Dist. and Cir.Ct. 2.8. This statement elaborated on the factual assertions in the complaint and the Leftwich affidavit. Saurini did not file an opposition to the motion. The trial court granted summary judgment for D & L for the full $140,319.11, plus interest and costs.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). In reviewing a grant of summary judgment,

> we consider the evidence in the light most favorable to the losing party, and affirm only where it appears there is no genuine dispute as to any material issues of fact, or where, even according to the facts as contended by the losing party, the moving party is entitled to judgment as a matter of law.

*Themy v. Seagull Enter., Inc.*, 595 P.2d 526, 528–29 (Utah 1979) (footnotes omitted).

Saurini raises two points. First, although he filed no opposition to D & L's summary judgment motion, he argues that a genuine issue of material fact exists as to the trial court's jurisdiction because of facts alleged in the original pleadings, i.e., D & L's complaint and Saurini's contradictory answer. Rule 56(e) expressly rejects Saurini's premise. When a motion for summary judgment is filed and supported by an affidavit, the party opposing the motion has an affirmative duty to respond with affidavits or other materials allowed by rule 56(e).

> [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Utah R.Civ.P. 56(e); *see Hall v. Fitzgerald*, 671 P.2d 224, 226–27 (Utah 1983); *Thornock v. Cook*, 604 P.2d 934, 936 (Utah 1979). Saurini relies on *Pentecost v. Har-*ward, 699 P.2d 696 (Utah 1985), for the proposition that a verified pleading is equivalent to an affidavit for the purposes of summary judgment. However, he overlooks the fact that his answer was not verified.

Saurini next contends that some of the averments of the Leftwich affidavit essential to the court's determination of the amount due to D & L were inadmissible hearsay. He notes that if an affidavit is offered in support of a motion for summary judgment, it "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Utah R.Civ.P. 56(e).

It is true that inadmissible evidence cannot be considered in ruling on a motion for summary judgment. *Norton v. Blackham*, 669 P.2d 857, 859 (Utah 1983). It is also true that there are evidentiary problems on the face of the Leftwich affidavit and in the recitation of supposedly uncontested facts in D & L's memorandum of points and authorities submitted in support of the motion. Saurini, however, waived these errors when he failed to object at the trial court. *See Hobelman Motors, Inc. v. Allred*, 685 P.2d 544, 546 (Utah 1984) (affidavit in opposition to motion for summary judgment not properly notarized, but objection waived where not timely made); *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1044 (Utah 1983) (even if affidavits in support of summary judgment were defective, party opposing summary judgment motion failed to move to strike and was deemed to have waived his opposition to evidentiary defects).

The summary judgment is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.