### Stanley THAYNE, Plaintiff and Appellant,

v.

### BENEFICIAL UTAH, INC., Eleanor S. Van Sciver, Floyd H. Gowans, Betsy Cottrill, Aaron Kennard, Norman Carlisle, Keith L. Buckner, Defendants and Appellees.

No. 930424.

Supreme Court of Utah.

April 29, 1994.

---

Stanley Thayne, pro se.

Paul M. Halliday, Stephen B. Watkins, Paul M. Halliday, Jr., Salt Lake City, for Beneficial Utah.

ZIMMERMAN, Chief Justice:

Stanley Thayne appeals from the Third District Court's entry of summary judgment dismissing his civil rights complaint against Beneficial Utah, Inc. We affirm.

We first review the events that culminated in this case. On May 16, 1990, Stanley and Thora Thayne quitclaimed property located on Redwood Road in Murray, Utah ("Murray property") to the Joseph Tilloston Children's Trust, and the Trust then deeded the property to Danile and Patricia Sego. That same day, the Segos executed a promissory note in favor of Beneficial in the amount of $82,000. The note was secured by a trust deed on the Murray property and on the Segos' Salt Lake City residence ("Sego residence").

The Segos failed to make any scheduled payments on the note, and on December 13, 1990, Beneficial recorded a notice of default. On February 13, 1991, the Segos filed for chapter 13 federal bankruptcy protection. On March 29th, Beneficial moved the bankruptcy court to annul the automatic stay that follows the filing of a bankruptcy petition,

thereby allowing Beneficial to proceed with its foreclosure on the trust deed.

On April 26th, Beneficial and the Segos signed a stipulation in which Beneficial and another lien holder agreed to release their liens on the Sego residence. In exchange, the Segos agreed to surrender the Murray property to allow Beneficial and the other lienor to hold a trustee's sale. The parties further agreed that Beneficial would not pursue a deficiency judgment and would not hold the trustee's sale earlier than June 30, 1991. The bankruptcy court approved the stipulation.

To give Thayne and the Segos an opportunity to realize something on the equity in the Murray property, Beneficial allowed them additional time to locate a buyer. Nevertheless, because no serious offers appeared ready to close, Beneficial noticed out a nonjudicial trustee's sale for August 6th.

On July 29th, the Segos conveyed the Murray property by quitclaim deed to Thayne. The deed was recorded the next day. On July 31st, Thayne filed a chapter 13 bankruptcy petition. Beneficial then moved to annul the automatic stay as to the Murray property, which allowed Beneficial to proceed with its foreclosure.

On November 27th, a nonjudicial trustee's sale was held at which Beneficial successfully bid $109,147.31 for the Murray property. On December 16th, Beneficial recorded its trustee's deed and personally served Thayne with a five-day eviction notice. Thayne refused to vacate the property, and on January 2, 1992, Beneficial filed an unlawful detainer action in Third Judicial Circuit Court. *See* Utah Code Ann. § 78–36–3. On January 3rd, Beneficial personally served Thayne with a copy of the complaint and the three-day summons.

On January 6th, Thayne moved to dismiss the complaint for lack of jurisdiction. Thayne alleged that the circuit court system was unconstitutional under various provisions of the Utah Constitution. Beneficial filed a timely objection to Thayne's motion to dismiss. On February 20th, the circuit court issued an order denying Thayne's motion and mailed a copy of the order to the parties on the same day. Thayne failed to file any responsive pleading to the unlawful detainer complaint.

On February 27th, the circuit court entered a default judgment against Thayne, which included a writ of restitution for $5268.50 in favor of Beneficial. The writ was delivered to the Salt Lake County Sheriff's office for service. Thayne finally vacated the Murray property on or about March 9, 1992.

Thayne appealed the default judgment to the Utah Court of Appeals, which dismissed the appeal for lack of jurisdiction. *Beneficial Utah, Inc. v. Thayne*, No. 920176–CA, slip op. at 2 (Utah Ct.App. June 11, 1992) (per curiam).[1]

On January 4, 1993, Thayne filed pro se an unverified civil rights complaint in Third Judicial District Court. The defendants included Beneficial, the two circuit court judges, and the clerk of the circuit court involved with Beneficial's unlawful detainer action against Thayne (collectively "State defendants"), and the Salt Lake County Sheriff and several deputies (collectively "County defendants"). In essence, Thayne alleged two causes of action. First, he contended that the State and County defendants had acted without authority in entering and enforcing the default judgment against him and evicting him from the Murray property. Second, he complained that all of the defendants had conspired to deprive him of his equal protection and due process rights. According to Thayne, these actions, taken together, violated 42 U.S.C. § 1985.

The State defendants moved to dismiss the complaint against them, claiming improper service of the complaint, absolute judicial

---

1. The court of appeals reasoned that the unlawful detainer action involved three defendants, Daniel Sego, Patricia Sego, and Stanley Thayne. *Beneficial Utah, Inc., v. Thayne*, No. 920176–CA, slip op. at 1 (Utah Ct.App. June 11, 1992) (per curiam). The record before the court of appeals indicated that the trial court had entered default judgment only as to Thayne. *Id.* at 2. The record did not contain any disposition of the claims against the Segos. *Id.* Because the trial court had not dismissed or adjudicated the claims against the Segos, those claims remained pending, and thus, there was no final, appealable judgment in the case. *Id.* As a result, the court of appeals determined that it lacked jurisdiction to hear the case. *Id.*

immunity, good-faith qualified immunity, protection under the Utah Governmental Immunity Act, and plaintiff's failure to file an undertaking and notice of claim against the State as required by Utah law. The County defendants likewise moved to dismiss, adopting *in toto* the State defendants' analysis.

After the State and County defendants moved to dismiss, Thayne moved to amend his civil rights complaint. The motion to amend alleged that the trial court, in the earlier unlawful detainer case, had failed to give Thayne enough time to file a responsive pleading. This is the first time Thayne had raised this issue in any legal proceeding involving the Murray property.[2]

Beneficial moved for summary judgment, alleging that there was no genuine issue of material fact. In particular, Beneficial indicated that it had not conspired with court personnel to deprive Thayne of the equal protection of the laws. Beneficial submitted the affidavit of Dick Walsh, Beneficial's manager, in support of its motion.

Thayne filed a memorandum in opposition to Beneficial's motion for summary judgment. His memorandum simply reiterated the general allegations of his unverified complaint. He did not file any affidavits or other evidence in support of his memorandum.

The trial court entered a judgment and order dismissing the complaint as to the State and County defendants. The trial court then held a hearing on Beneficial's motion for summary judgment at which the court heard oral arguments and reviewed the pleadings in the file. The trial court, finding no genuine issue of material fact, entered summary judgment, dismissing Thayne's civil rights complaint against Beneficial.

▌ Thayne appeals the trial court's summary judgment order dismissing his civil rights complaint as to Beneficial. He does not challenge the trial court's dismissal of his complaint against the State and County defendants. He raises nine issues in his appeal; the first five issues relate to the entry of default judgment against him in Beneficial's unlawful detainer action. Thayne asserts that the trial court in that action precluded him from filing a responsive pleading in violation of the Utah and United States Constitutions, prematurely entered a default judgment against him, improperly allowed execution of the writ of restitution against him (even though he had filed a notice of appeal), failed to grant him a hearing in the eviction action, and otherwise neglected to follow the proper statutory procedures for an eviction.

These five issues are not properly before us. Each involves the default judgment entered in Beneficial's unlawful detainer action against Thayne. Although his arguments are obtuse, Thayne's only specific factual allegation relating to these issues appears to be that the trial court entered the default judgment against him one day earlier than is permissible under the Utah Rules of Civil Procedure.[3] Even assuming arguendo that Thayne is correct, he did not properly perfect his appeal from that case.[4] In fact, the first time Thayne ever specifically mentions this argument is in a motion to amend his civil rights complaint, which was filed almost one year after the default judgment. Thayne could have raised this issue in an appeal from the earlier default judgment. Nevertheless, because he failed to properly perfect his appeal from that case, he lost his opportunity to raise the issue. Utah R.App.P. 3(a); *Cf. Watson v. Anderson,* 29 Utah 2d 36, 504 P.2d 1003, 1004 (1972); *Varian–Eimac, Inc.,* 767 P.2d 569, 571 (Utah Ct.App.1989). Thayne is improperly attempting to use a civil rights action to attack collaterally an alleged procedural error in the default judgment entered against him.

Thayne's final four issues specifically involve his civil rights case. In particular, he alleges that the trial court erred in failing to

---

**2.** On March 25, 1993, Thayne apparently filed an independent action in circuit court, specifically seeking to set aside the default judgment.

**3.** Thayne presented no evidence that this alleged procedural error was in any way the product of a conspiracy against him.

**4.** Thayne's only claim in the unlawful detainer proceeding and in his failed appeal was that the circuit court system was unconstitutional and therefore lacked jurisdiction to hear the case.

suppress "extraneous cumulative evidence," in failing to grant his demand for a jury trial, in granting Beneficial's motion for summary judgment, and in "failing to make any findings of fact or conclusions of law, sufficiently detailed and including enough subsidiary facts to disclose the steps by which the ultimate conclusion[ ] ... was reached." We have reviewed Thayne's cumulative evidence and jury trial issues and find them to be without merit.

We next examine whether the trial court erred in granting Beneficial's motion for summary judgment. As a threshold matter, we note that Beneficial initially characterized its motion as a motion to dismiss and not as a motion for summary judgment. Nevertheless, because Beneficial presented evidence outside the pleadings, which the district court did not exclude under rule 12(c), the motion is properly treated as a motion for summary judgment. Utah R.Civ.P. 12(c);[5] *Lind v. Lynch*, 665 P.2d 1276, 1278 (Utah 1983).

In reviewing the trial court's entry of summary judgment, "we consider the evidence in the light most favorable to the losing party, and affirm only where it appears there is no genuine dispute as to any material issues of fact." *Themy v. Seagull Enters., Inc.*, 595 P.2d 526, 528–29 (Utah 1979) (footnote omitted); *see D & L Supply v. Saurini*, 775 P.2d 420, 421 (Utah 1989).

Thayne, as the plaintiff, has the ultimate burden of proving all the elements of his cause of action. Under 42 U.S.C.

§ 1985(3), Thayne must prove (i) a conspiracy (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or equal privileges and immunities under the law, and (iii) an act in furtherance of the conspiracy (iv) whereby a person is either injured in her person or her property or deprived of any of the rights or privileges of a citizen of the United States. *Lewis v. Green*, 629 F.Supp. 546, 552 (D.D.C.1986).

Beneficial's motion for summary judgment disputed the existence of at least two of the requisite section 1985 elements: Beneficial's motion averred by affidavit that defendants had not communicated for the purpose of conspiring to deprive Thayne of his constitutional liberties. Under Utah Rule of Civil Procedure 56(e), the burden then shifted to Thayne to provide some evidence, by affidavit or otherwise, in support of the essential elements of his claim.[6] Thayne, as the party opposing Beneficial's properly supported motion, had "an affirmative duty to respond with affidavits or other materials allowed by rule 56(e)." *D & L Supply*, 775 P.2d at 421.

Thayne failed to discharge this duty. He did not file any affidavits in support of his complaint, nor did he attempt to present any other evidence. In the face of Beneficial's properly supported motion, however, Thayne may not rest on his unverified complaint. We have indicated that general allegations in an unverified complaint are an insufficient basis for opposing a properly supported mo-

---

5. Rule 12(c) provides:
   If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....
   This case is distinguishable from *Colman v. Utah State Land Board*, 795 P.2d 622 (Utah 1990), in which this court refused to convert a motion to dismiss to a motion for summary judgment, even though the moving party had presented the trial court with substantial extrinsic evidence in support of the motion to dismiss. *Id.* at 625. The court noted that the losing party had relied on the fact that it was a motion to dismiss and had focused its objection solely on the legal issues presented. *Id.*
   Further the trial court, in ruling on the motion, had failed to enter any factual findings and had

made only conclusions of law. *Id.* Under these circumstances, we held that it would unreasonably prejudice the nonmoving party to convert the motion to dismiss to a motion for summary judgment. *Id.*

6. Utah Rule of Civil Procedure 56(e) reads in pertinent part:

   When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

tion for summary judgment. *D & L Supply,* 775 P.2d at 421; *Hall v. Fitzgerald,* 671 P.2d 224, 226–27 (Utah 1983). Thayne simply did not meet his burden of presenting some evidence, by affidavit or otherwise, raising a credible issue of material fact. *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624, 637 (1960).

Thayne's final issue on appeal is that the trial court erred by failing to enter specific findings of fact on all material issues. Thayne would be correct if this case involved an action "tried upon the facts without a jury or with an advisory jury," but this case involves a rule 56 summary judgment motion. Utah R.Civ.P. 52(a). Under rule 52(a), which governs findings of fact, the trial court "need not enter findings of fact and conclusions of law [when] ruling on" a rule 56 motion. *Id.* "The trial court shall, however, issue a brief written statement of the ground for its decision ... when the motion is based on more than one ground." *Id.; see Neerings v. Utah State Bar,* 817 P.2d 320, 321–22 (Utah 1991). The trial court complied with this requirement when it issued a brief written statement granting Beneficial's motion and indicating that there were no genuine issues as to any material fact.

Furthermore, we have recognized that the brief-statement requirement applies primarily to situations in which the moving party has advanced more than one legal theory in support of its motion. *Neerings,* 817 P.2d at 322. Beneficial's motion was based on only one ground, namely, that there was not a genuine issue of material fact. The trial court's written statement adequately addressed that issue.

We affirm.

STEWART, Associate C.J., and DURHAM, HOWE and RUSSON, JJ., concur.