2001 UT App 30

George E. BROWN, Jr., Plaintiff and Appellant,

v.

Carl WANLASS; Debbie Hansen; Gary Caldwell; Cindy Walker; Shauna Thomas; Ken Smith; Terry V. Fox; Marta Murvosh; Michael Patrick; The Daily Herald, a corporation; The Pulitzer Community Newspapers, Inc., a corporation; and John Does 1–75, Defendants and Appellees.

No. 990932–CA.

Court of Appeals of Utah.

Feb. 1, 2001.

George E. Brown, Jr., American Fork, pro se.

Andrew M. Morse and Heather S. White, Snow, Christensen & Martineau, Salt Lake City, for Appellees.

Before GREENWOOD, P.J., and BENCH, and THORNE, JJ.

OPINION

GREENWOOD, Presiding Judge:

¶ 1 Plaintiff George E. Brown, Jr. (Brown) appeals from a grant of summary judgment in favor of defendants. Brown, a former American Fork city council member, sued several American Fork city employees (the Employees) for defamation per se, alleging they acted with malice in filing a grievance against him with the city and in providing information to the media. The trial court held the Utah Governmental Immunity Act (the Act), Utah Code Ann. §§ 63–30–1 to –38 (1997 & Supp.2000), barred Brown's claim. We affirm.

I. BACKGROUND

¶ 2 Brown was elected to the American Fork City Council in 1993. On July 1, 1997, approximately forty-five city employees signed and filed a grievance with the City Administrator against Brown. In the grievance, as paraphrased in the Employees' brief, the Employees stated that:

1. Brown threatened and intimidated a City employee for voicing his opinion during a City Council meeting;

2. Brown attempted to incite a confrontation with employees at City Hall following a City Council meeting;

3. Brown assaulted a police officer during the officer's investigation of a disorderly conduct claim against Brown;

4. Brown attempted to coerce a City employee into giving a false statement to an officer;

5. Brown repeatedly threatened to fire employees for disagreeing with him;

6. Brown repeatedly violated City policies and procedures by degrading, embarrassing and demeaning employees in public; and

.7. Brown repeatedly discriminated against, ridiculed, demeaned and coerced female employees.

The City Administrator forwarded the grievance to the City Council. The City Council then consulted with the City Attorney to determine whether the city's policies and procedures manual applied to the situation. In a memorandum dated July 2, 1997, the City Attorney concluded that the city's policies and procedures manual did not apply to council members.

¶ 3 On July 1, 1998, Brown filed suit against seven of the employees who had signed the grievance and various newspapers and reporters (the newspaper defendants). All defendants moved for summary judgment. The.newspaper defendants prevailed, and Brown has not appealed that decision. The Employees argued on summary judgment that the Petition Clause of the First Amendment and the Utah Governmental Immunity Act bar Brown's claim. The trial court granted summary judgment to the Employees, concluding that the Utah Governmental Immunity Act barred Brown's claim.

## II. ISSUES AND STANDARDS OF REVIEW

¶ 4 "Summary judgment 'is appropriate only when no genuine issues of material fact exist and the moving party is entitled. to judgment as a matter of law.'" *Lyon v. Burton,* 2000 UT 19, ¶ 11, 5 P.3d 616 (citation omitted); *see also* Utah R. Civ. P. 56(c). If no issues of material fact exist, we determine whether the trial court properly granted summary judgment as a matter of law under the applicable law. Whether the trial court properly granted summary judgment under the Utah Governmental Immunity Act presents a question of law, which we review for correctness, granting no deference to the trial court's determination. *See Bellonio v. Salt Lake City Corp.,* 911 P.2d 1294, 1296 (Utah Ct.App.1996) (reviewing district court's decision on Utah Governmental Immunity Act for correctness).[1]

## III. ANALYSIS

### A. Issues of Material Fact

¶ 5 The trial court determined the following facts were undisputed: (1) at all relevant times, the Employees were employees of American Fork City; (2) in July 1997, the Employees, along with 37 others, signed a grievance concerning Brown; (3) each statement in the grievance concerned matters relating exclusively to the Employees' employment; and (4) each statement in the grievance concerned the Employees in their capacities as American Fork City employees. Brown does not provide any substantial argument that these facts are not undisputed.

¶ 6 Nevertheless, Brown contends the trial court should not have granted summary judgment because "the record is full of disputed [material] facts." Brown's brief, however, fails to identify those disputed facts. Rule 24(a)(9) of the Utah Rules of Appellate Procedure requires that the argument section of the brief "contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the . . . parts of the record relied on." Utah R.App. P. 24(a)(9). Brown's "brief totally fails to provide any reasons to support the contention that" disputes of material fact exist. *State v. Wareham,* 772 P.2d 960, 966 (Utah 1989).

¶ 7 Notwithstanding the inadequacy of his briefing, at oral argument Brown claimed that the Employees provided false information to the media. All the Employees

1. Because we resolve this case on the basis of the Utah Governmental Immunity Act, we do not reach the parties' arguments based on the Petition Clause.

denied this allegation in affidavits contained in the record. The burden then shifted to Brown "to provide some evidence, by affidavit or otherwise," to support the allegations of his complaint. *Thayne v. Beneficial Utah, Inc.,* 874 P.2d 120, 124 (Utah 1994). Brown, however, failed to rebut the Employees' denials with anything other than his own unsupported speculation. Conclusory affidavits that contain only unsubstantiated belief rather than personal knowledge are insufficient to defeat summary judgment. *See In re Rights to Use All Water,* 1999 UT 39, ¶ 27, 982 P.2d 65. Moreover, rule 56(e) of the Utah Rules of Civil Procedure states:

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations* or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Utah R. Civ. P. 56(e) (emphasis added). Brown has failed to comply with both rule 24(a)(9) of the Utah Rules of Appellate Procedure and rule 56(e) of the Utah Rules of Civil Procedure; therefore, we must conclude that no material issues of fact exist to preclude entry of summary judgment in favor of the Employees. *Cf. Massey v. Utah Power & Light,* 609 P.2d 937, 938 (Utah 1980) ("bare contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude the entry of summary judgment" (footnote omitted)).

#### B. Utah Governmental Immunity Act

■ ¶ 8 Because no issues of material fact exist, we next consider whether the trial court properly granted summary judgment as a matter of law under the Utah Governmental Immunity Act.

¶ 9 The trial court's third Conclusion of Law states as follows:

> As a separate and independent ground for dismissing plaintiff's Complaint against the defendants, the Court concludes that under § 63-30-4(3)(b) this action against the employee defendants is barred, because there is no evidence in the record that the employee defendants "acted or failed to act through fraud or malice." The grievance, on its face, does not constitute legal malice under Utah law.
>
> The Court concludes that fraud was not pled within the requirements of Rule 9(b) of the Utah Rules of Civil Procedure, as the elements and circumstances constituting fraud were not stated with particularity. Any allegation of fraud, therefore, fails as a matter of law.

Section 63-30-4(3)(b) provides:

> A plaintiff may not bring or pursue any other civil action or proceeding based upon the same subject matter against the employee or the estate of the employee whose act or omission gave rise to the claim, unless: (i) the employee acted or failed to act through fraud or malice; or (ii) the injury or damage resulted from the conditions set forth in Subsection 63-30-36(3)(c).

Utah Code Ann. § 63-30-4(3)(b) (1997). We agree with the trial court's legal conclusion applying section 63-30-4(3)(b) to bar Brown's suit.[2]

■ ¶ 10 First, the conditions set forth in section 63-30-36(3)(b) are not alleged in this case. Further, as noted by the trial court, rule 9(b) of the Utah Rules of Civil Procedure requires that fraud be pleaded "with particularity." Utah R. Civ. P. 9(b). To plead fraud with particularity, a plaintiff must allege that there was "a false representation of an existing material fact made knowingly or recklessly for the purpose of

---

**2.** The Employees cite three provisions of the Act other than section 63-30-4(3)(b) as barriers to Brown's claim. However, we believe that none of those provisions apply in this case because Brown did not include the city as a defendant. Section 63-30-4(4) applies only when individual employees are joined in suits against governmental entities. *See* Utah Code Ann. § 63-30-4(4) (1997). Likewise, sections 63-30-10(2) and -

10(5) are not pertinent to this dispute. *See* Utah Code Ann. § 63-30-10 (1997). Those sections pertain only to liability of "governmental entities," which is specifically defined as "the state and its political subdivisions." Utah Code Ann. § 63-30-2(3) (1997). Brown's claim is against individual city employees, not the governmental entity.

inducing reliance thereon, and ... reasonable reliance resulting in the plaintiff's injury." *DeBry v. Noble,* 889 P.2d 428, 443 (Utah 1995). Brown failed to allege specific facts that would support a claim of fraud. Furthermore, there is no evidentiary basis for malice. The statements in the grievance are not adequate to establish fraud or malice, and, as previously noted, there is no competent evidence that the Employees provided any information to the media. Accordingly, the Employees are immune from suit under section 63–30–4(3)(b).

## IV. CONCLUSION

¶ 11 We therefore affirm the trial court's grant of summary judgment in favor of the Employees on the grounds that (1) no disputes of material fact exist; and (2) the Governmental Immunity Act bars Brown's claim.[3]

¶ 12 WE CONCUR: RUSSELL W. BENCH, Judge, and WILLIAM A. THORNE, Jr., Judge.

---

**3.** The Employees ask for an award of fees in the conclusion of their brief but do not state a basis for such award. We therefore decline to address that request.