2006 UT App 115

**GRANITE CREDIT UNION,**
**Plaintiff and Appellee,**

v.

**Guy REMICK dba Wasatch Towing,**
**Defendant and Appellant.**

**No. 20040985–CA.**

Court of Appeals of Utah.

March 23, 2006.

---

Daniel Irvin, Salt Lake City, for Appellant.

Dean A. Stuart, Bruce L. Richards & Associates, Salt Lake City, for Appellee.

Before Judges BILLINGS, McHUGH, and THORNE, Jr.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant Guy Remick [1] (Remick) appeals the trial court's order granting summary judgment to Plaintiff Granite Credit Union (Granite). We affirm.

## BACKGROUND

¶ 2 On June 4, 2002, Granite, a Salt Lake City credit union, made Hernan Rosales (Rosales) a loan in the amount of $5500. The terms of the loan agreement required Rosales to make monthly payments of $120. Granite secured its loan to Rosales with a 1997 Plymouth Voyager (the Vehicle). Granite perfected its security interest in the Vehicle.

¶ 3 In 2003, Rosales's loan became delinquent, and Granite began searching for the Vehicle in order to repossess it. Initially, Granite was unsuccessful in locating the Vehicle. However, on November 18, 2003, Remick notified Granite that his company, Wasatch Towing (Wasatch), had towed the Vehicle and was currently holding it. Rem-

---

1. Dba Wasatch Towing.

ick also informed Granite that it owed Remick $1682 for the costs of towing and storing the Vehicle. Granite told Remick that it would not pay the Vehicle's storage fees since Granite had not received proper notice of the Vehicle's impoundment.

¶4 On November 20, 2003, Remick sent Granite written notice that Wasatch had towed the Vehicle. Remick's notice to Granite also provided the make, model, year, color, VIN number, and license plate number of the Vehicle; the location of the Vehicle; and a statement informing Granite that if Wasatch did not hear from Granite within forty-eight hours, Wasatch would move to recover costs accrued at Granite's expense.[2] In a November 21, 2003 letter, Granite responded to Remick's notice. In its response, Granite indicated that it deemed the storage fees inappropriate because it was Remick's failure to timely notify Granite that resulted in excessive storage fees. However, Granite did offer to pay Remick for the towing of the Vehicle and five days of storage. Granite did not receive a response to its November 21, 2003 letter. Granite did, however, later learn that Wasatch had obtained a new title for the Vehicle in Wasatch's name.

¶5 On February 11, 2004, Granite filed a complaint against Wasatch and Remick. At this time, Granite also motioned for writs of replevin and assistance, both of which the trial court granted. In May 2004, Granite moved for summary judgment. On October 28, 2004, the trial court granted Granite's motion for summary judgment and ordered Remick to turn over possession of the Vehicle to Granite. The trial court also ordered Granite to pay Remick $185, an amount that covered the towing costs of the Vehicle and a five-day storage fee. Remick appeals.

## ISSUES AND STANDARD OF REVIEW

¶6 Remick first requests that we remand to the trial court to make findings of fact and conclusions of law. Second, Remick main-

tains that the undisputed facts establish Remick's compliance with Utah Code section 72–9–603, *see* Utah Code Ann. § 72–9–603 (Supp.2005), and thus, the trial court erroneously entered summary judgment.

¶7 "Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Smith v. Price Dev. Co.*, 2005 UT 87, ¶9, 125 P.3d 945. Here, the parties agree there are no genuine issues as to any material fact. "If no issues of material fact exist, we determine whether the trial court properly granted summary judgment as a matter of law." *Brown v. Wanlass*, 2001 UT App 30, ¶4, 18 P.3d 1137. We review the trial court's decision to grant summary judgment for correctness, "granting no deference to the trial court's determination." *Id.; see also Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1112 (Utah 1991).

## ANALYSIS

■ ¶8 Remick first asks this court to remand the case because the trial court neglected to state its findings of fact and conclusions of law in its order. To begin, we note that "findings of fact are unnecessary in connection with summary judgment decisions." *Taylor v. Estate of Taylor*, 770 P.2d 163, 168 (Utah Ct.App.1989). Here, Remick has stated that "[i]n the present case there are no genuine issues as to any material fact." Thus, Remick has "essentially obviated the need for findings." *Id.*

■ ¶9 Additionally, while conclusions of law are not typically required on motions for summary judgment, the court is required to "issue a brief written statement of the ground for its decision on all motions granted under [r]ule [56] when the motion is based on more than one ground." Utah R. Civ. P. 52(a). In the present case, Granite raised more than one ground for its motion.[3] How-

---

2. Specifically, Wasatch's notice to Granite stated: "Please respond to this information within 48 hours to reclaim your vehicle. If Wasatch Towing does not hear from you, we will file papers to recover any costs that we have accrued at your expense, which may reflect on your credit rating."

3. Granite set forth two grounds in support of its motion for summary judgment: (1) Remick is not entitled to storage and towing fees because he failed to comply with section 72–9–603 and (2) even if Remick were entitled to towing and storage fees under the statute, Granite's perfected security interest takes priority over any possesso-

ever, as explained below, where Remick fails to demonstrate that the undisputed material facts support his compliance with section 72–9–603, *see* Utah Code Ann. § 72–9–603, we conclude that "in the interests of judicial economy, it is more appropriate to deal with th[at] issue[ ] at this juncture, rather than remanding for full compliance with [r]ule 52(a)." *Masters v. Worsley*, 777 P.2d 499, 501 (Utah Ct.App.1989) (refusing to remand case and opting to decide whether moving party was entitled to summary judgment as a matter of law despite moving party's motion being based on multiple grounds).

¶ 10 Second, Remick claims the trial court improperly granted Granite's motion for summary judgment because the undisputed facts indicate Remick's compliance with Utah Code section 72–9–603. *See* Utah Code Ann. § 72–9–603. Specifically, Remick argues that the undisputed facts demonstrate that, as required by section 72–9–603, *see id.*, Remick "sent out proper notice to all parties," "had a superior possessory lien on the vehicle," and "complied with necessary requirements to properly obtain a new [t]itle." We disagree.[4]

¶ 11 Under section 72–9–603, a tow truck operator, such as Remick, who tows a vehicle without the owner's knowledge must properly notify local law enforcement, the vehicle's registered owner, and the vehicle's lienholder. *See id.* § 72–9–603(1)(a)–(b). The proper notification of local law enforcement requires the tow truck operator or tow truck motor carrier to:

(a) immediately upon arriving at the place of storage or impound of the vehicle, ... contact the law enforcement agency having jurisdiction over the area where the vehicle ... was picked up and notify the agency of the:

(i) location of the vehicle ...;

(ii) date, time, and location from which the vehicle ... was removed;

(iii) reasons for the removal of the vehicle ...;

(iv) person who requested the removal of the vehicle ...;

(v) vehicle ... description, including its identification number and license number or other identification number issued by a state agency....

*Id.* § 72–9–603(1)(a).

¶ 12 Likewise, to properly notify the vehicle's registered owner and lienholder under the statute, the tow truck operator or tow truck motor carrier must:

(b) within two business days of performing the tow truck service, send a certified letter to the last-known address of the registered owner and lien holder of the

---

ry lien Remick claims to have as a result of unpaid towing and storage fees.

4. In upholding the trial court's grant of summary judgment, we rely solely on those facts properly before the trial court. *See Seare v. University of Utah Sch. of Med.*, 882 P.2d 673, 676 n. 4 (Utah Ct.App.1994) ("[I]n reviewing an order granting summary judgment [w]e consider only the pleadings, depositions, admissions, answers to interrogatories, and affidavits properly before the trial judge." (second alteration in original) (quotations and citation omitted)). As the trial court emphasized, "a lot of what [Remick] [al]ludes to [in support of his purported compliance] ... is not supported by affidavit or any other document." As a result, we give no consideration to Remick's assertions that: he contacted and provided proper notice to local law enforcement; he touched base with the Department of Motor Vehicles; and he contacted the Utah State Tax Commission (the Tax Commission) to obtain the Vehicle's title and did not learn of Granite's lienholder status until he received the Tax Commission's response more than three months later. And, except for

Granite's understanding that Wasatch obtained a new title for the Vehicle in Wasatch's name, we do not consider Remick's, or others', alleged actions regarding changes to the Vehicle's title.

Furthermore, even if such evidence had been properly before the trial court, we note that "[t]he rules of appellate procedure require adequate briefing." *State v. Green*, 2005 UT 9, ¶ 10, 108 P.3d 710. In his brief's statement of the facts, Remick, contrary to the Utah Rules of Appellate Procedure, fails to provide any record citations in support of his factual assertions. *See* Utah R.App. P. 24(a)(7). As the Utah Supreme Court has clearly indicated, "an appellant's failure to cite to the record in a brief is grounds for assuming regularity in the proceedings and correctness in the judgment appealed from." *Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.*, 909 P.2d 225, 230 (Utah 1995). Assumably, Remick's failure to cite the record stems largely from the fact that the record does not support most of Remick's factual assertions, and there are therefore no record citations for Remick to provide.

vehicle . . . obtained from the Motor Vehicle Division or if the person has actual knowledge of the owner's address to the current address, notifying him of the:

    (i) location of the vehicle . . .;

    (ii) date, time, location from which the vehicle . . . was removed;

    (iii) reasons for the removal of the vehicle . . .;

    (iv) person who requested the removal of the vehicle . . .;

    (v) a description [of the vehicle], including its identification number and license number or other identification number issued by a state agency; and

    (vi) costs and procedures to retrieve the vehicle. . . .

*Id.* § 72–9–603(1)(b).

¶ 13 Under the statute, a tow truck operator or tow truck motor carrier may not collect removal fees or charge storage fees until the individual has properly notified local law enforcement under subsection 1(a). *Id.* § 72–9–603(2). If such fees have in fact accrued, the owner is responsible for paying the fees, *see id.* § 72–9–603(3), and "[t]he fees are a possessory lien on the vehicle . . . until paid." *Id.* § 72–9–603(4).

¶ 14 Here, the undisputed facts properly before the trial court do not demonstrate that Remick satisfied section 72–9–603's notification requirements. *See id.* § 72–9–603. To begin, the undisputed facts do not indicate that Remick contacted local law enforcement or provided them with the requisite information. *See id.* § 72–9–603(1)(a)(i)–(v). Nor do the undisputed facts show that Remick properly notified Granite, the lienholder, within the specified time period. *See id.* § 72–9–603(1)(b). Conversely, the facts properly before the trial court demonstrate that Remick, in fact, did not notify Granite until more than 100 days after he had towed the Vehicle. Remick contends that his failure to notify Granite within the statutory time frame was due to the Tax Commission's late response to Remick's request for a copy of the Vehicle's title, but the undisputed facts offer no support for such a contention. Finally, the undisputed facts do not establish that Remick's notice to Granite satisfied the content requirements of section 72–9–603(1)(b). *See id.* § 72–9–603(1)(b)(i)–(vi). Instead, the facts properly before the trial court indicate that Remick's notice failed to include the requisite information. Remick's notice merely informed Granite that Wasatch had towed the Vehicle. The notice only provided the make, model, year, color, VIN number, and license plate number of the Vehicle; the location of the Vehicle; and the warning that if Wasatch did not hear from Granite within forty-eight hours, Wasatch would move to recover costs accrued at Granite's expense.

¶ 15 Because we conclude that the facts before the trial court failed to demonstrate Remick's compliance with the requirements of section 72–9–603(1)(a), there is no statutory support for the accrual of those fees that would create a possessory lien. *See* Utah Code Ann. § 72–9–603(2) (*"Until* the tow truck operator or tow truck motor carrier reports the removal as required under Subsection (1)(a), a tow truck motor carrier or impound yard *may not:* (a) *collect* any fee associated with the removal; and (b) *begin charging* storage fees." (emphases added)).

¶ 16 In short, the facts properly before the trial court establish that Remick failed to comply with section 72–9–603. *See id.* § 72–9–603. Thus, we conclude that the trial court did not err, as a matter of law, in granting Granite summary judgment.

## CONCLUSION

¶ 17 In conclusion, we reject Remick's remand request—determining that the trial court did not err in failing to explicitly state its findings of fact and conclusions of law. We also conclude that the trial court properly granted Granite's motion for summary judgment. We therefore affirm.

¶ 18 WE CONCUR: CAROLYN B. McHUGH and WILLIAM A. THORNE JR., Judges.