2009 UT App 200

**EQUINE ASSISTED GROWTH AND LEARNING ASSOCIATION,**
Plaintiff and Appellant,

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Defendant and Appellee.**

No. 20080277–CA.

Court of Appeals of Utah.

July 23, 2009.

James L. Harris Jr., Salt Lake City, for Appellant.

Gregory J. Sanders and Patrick C. Burt, Salt Lake City, for Appellee.

Before Judges THORNE, DAVIS, and McHUGH.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Equine Assisted Growth and Learning Association (EAGALA) appeals from the district court's dismissal of its action against Carolina Casualty Insurance Company (Carolina Casualty), the issuer of EAGALA's nonprofit organization liability insurance policy (the Policy). We reverse the district court's order and remand the matter for further proceedings.

## BACKGROUND

¶ 2 In November 2005, Greg Kersten, a former EAGALA employee,[1] sued the individual members of EAGALA's board of trustees, seeking monetary and injunctive relief. Although Kersten's complaint was captioned as if the plaintiff was EAGALA itself and was verified by Kersten as "President and CEO" of EAGALA, Kersten in fact had no authority to sue on EAGALA's behalf at the time the complaint was filed. Kersten briefly obtained a temporary restraining order giving him control of EAGALA before the board members could demonstrate to the district court that Kersten was no longer affiliated with EAGALA and had no standing to sue in its name. The district court dissolved the temporary restraining order upon the board members' showing, and Kersten ultimately dismissed the case.[2] EAGALA incurred substantial costs defending itself and its board members against Kersten's miscaptioned suit.

¶ 3 EAGALA notified Carolina Casualty of Kersten's complaint and requested coverage for the costs of its defense. However, Carolina Casualty denied coverage. The Policy

---

1. Further details about the termination of Kersten's employment with EAGALA, as well as other background facts, may be found in *EAGALA, Inc. v. Department of Workforce Services*, 2007 UT App 43, 157 P.3d 334. *See id.* ¶¶ 2–6.

2. Kersten thereafter filed a wrongful termination suit against EAGALA in his own name, alleging many of the same facts and theories of relief that he pleaded in his original complaint. Kersten's second suit is irrelevant to the outcome of this case, and all of the references in the body of this opinion are to Kersten's first suit brought in EAGALA's name.

excludes from coverage claims brought "by, on behalf of, or in the right of [EAGALA]" (the insured versus insured clause), and Carolina Casualty claimed that the Kersten complaint was such an excluded claim because it was captioned in EAGALA's name. Carolina Casualty maintained its denial of coverage even after EAGALA informed it that Kersten had no relationship with EAGALA at the time of the suit. EAGALA then brought this suit against Carolina Casualty to establish coverage for the costs of defending against Kersten's unsuccessful suit.

¶ 4 Carolina Casualty sought judgment on the pleadings, arguing that on the face of its initiating complaint, Kersten's suit fell within the terms of the insured versus insured clause. EAGALA sought to introduce extrinsic evidence to demonstrate that Kersten had no authority to sue in EAGALA's name and that Kersten's suit was therefore not "by, on behalf of, or in the right of" EAGALA, but the district court concluded that such evidence could not be considered. The district court then compared the language of the Kersten complaint to the language of the insured versus insured clause and, finding that the Kersten complaint fell within the scope of the clause, granted judgment on the pleadings to Carolina Casualty. EAGALA appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 EAGALA argues that judgment on the pleadings was inappropriate in light of EAGALA's proffered extrinsic evidence demonstrating that the Kersten complaint was brought "by, on behalf of, or in the right of" Kersten individually, rather than "by, on behalf of, or in the right of" EAGALA. Whether judgment on the pleadings was appropriate in this case depends on whether the district court erred in failing to consider EAGALA's extrinsic evidence. This issue presents a question of law that we review for correctness. *Cf. Fire Ins. Exch. v. Therkelsen*, 2001 UT 48, ¶ 26, 27 P.3d 555 (implying

that appellate determination of extrinsic evidence question is appropriate if contractual language is in the record).

## ANALYSIS

¶ 6 EAGALA argues that the district court erred by refusing to consider extrinsic evidence that EAGALA had offered in opposition to Carolina Casualty's motion for judgment on the pleadings. In *Fire Insurance Exchange v. Therkelsen*, 2001 UT 48, 27 P.3d 555, the Utah Supreme Court addressed the circumstances under which extrinsic evidence must be considered, and when it may not be, in determining whether an insurance company has the duty to defend an insured against a claim. *See id.* ¶¶ 20–26. The *Therkelsen* court stated:

> [W]hether extrinsic evidence is admissible to determine whether an insurer has a duty to defend an insured turns on the parties' contractual terms. If the parties make the duty to defend dependent on the *allegations* against the insured, extrinsic evidence is irrelevant to a determination of whether a duty to defend exists. However, if, for example, the parties make the duty to defend dependent on whether there *is actually* a "covered claim or suit," extrinsic evidence would be relevant to a determination of whether a duty to defend exists.

*Id.* ¶ 25 (second emphasis added). Thus, the question in this case is whether the Policy's insured versus insured clause is triggered by the facial language of a complaint or whether the clause is triggered by the actual facts underlying the complaint.

¶ 7 The insured versus insured clause states that Carolina Casualty will not be liable for either indemnification or defense of claims made "by, on behalf of, or in the right of [EAGALA]."[3] The listed circumstances triggering the clause constitute objective facts, the truth or falsity of which are not determined solely by the allegations, or in

---

**3.** At oral argument, there was some question as to whether a suit by Kersten individually would also trigger the insured versus insured clause because Kersten, as a former employee, also qualifies as an "Insured" under the Policy. It appears that this is not a concern, because the Policy differentiates between the "Insured Entity," defined as EAGALA itself, and "Individual Insured(s)," defined as including "past, present[, and] future ... employees" of EAGALA. The insured versus insured clause only excludes claims by the Insured Entity, i.e., EAGALA.

this case, the captioning, of the Kersten complaint.[4] To paraphrase *Therkelsen*, the parties' contract has made Carolina Casualty's duty to defend dependent on whether the Kersten complaint "is actually" a claim "by, on behalf of, or in the right of" EAGALA, and extrinsic evidence is therefore relevant to a determination of whether a duty to defend exists. *See* 2001 UT 48, ¶ 25, 27 P.3d 555. Accordingly, it was error for the district court to refuse to consider the extrinsic evidence proffered by EAGALA in opposition to Carolina Casualty's motion.

## CONCLUSION

¶ 8 We hold that the district court erred when it failed to consider extrinsic evidence in applying the Policy's insured versus insured clause. Accordingly, we reverse the district court's order dismissing EAGALA's action and remand this matter for further proceedings.

¶ 9 WE CONCUR: JAMES Z. DAVIS and CAROLYN B. McHUGH, Judges.

---

4. Notably, the insured versus insured clause does not include the language that perhaps most accurately describes the Kersten complaint—that it was brought "in the name of" EAGALA. Nor does the clause contain language such as "purporting to be brought" that might render the captioning of the Kersten complaint determinative on its face.