**2016 UT App 162**

# THE UTAH COURT OF APPEALS

RED BRIDGE CAPITAL LLC,
Appellee,
*v.*
DOS LAGOS LLC, MELLON VALLEY LLC,
ROLAND N. WALKER, AND SALLY WALKER,
Appellants.

Opinion
No. 20141123-CA
Filed July 29, 2016

Third District Court, Salt Lake Department
The Honorable John Paul Kennedy
No. 120902931

Evan A. Schmutz and Andrew V. Wright, Attorneys
for Appellants

David E. Leta, Amber M. Mettler, and Andrew V.
Hardenbrook, Attorneys for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this Opinion, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.[1]

GREENWOOD, Senior Judge:

¶1   Dos Lagos LLC, Mellon Valley LLC, Roland N. Walker,
and Sally Walker (collectively, Defendants) appeal the district
court's denial of their motion for satisfaction of judgment and
grant of attorney fees to Red Bridge Capital LLC. We reverse and
remand.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2    Red Bridge foreclosed on two parcels of property belonging to Mellon (the Foreclosed Parcels) and then sought a deficiency judgment against Defendants. The Foreclosed Parcels were encumbered by a communications easement. Mellon owns two additional parcels (the Strip Parcels) that lie between the two Foreclosed Parcels, and a road lies between the two Strip Parcels. Thus, the most convenient access between the Foreclosed Parcels and the road is over the Strip Parcels.

¶3    To resolve Red Bridge's deficiency claims, the parties entered into a Settlement Agreement in which Defendants agreed to (1) pay $150,000 to Red Bridge, (2) consent to entry of a deficiency judgment in the amount of $2,000,000, (3) terminate the communications easement as to the Foreclosed Parcels, (4) grant Red Bridge an access and utility easement across the Strip Parcels with two points of entry for each of the Foreclosed Parcels to be selected by Red Bridge, (5) "cause all liens and encumbrances to be removed from the Strip Parcels," and (6) negotiate in good faith for "a mutually acceptable development agreement" or, if a mutually acceptable agreement could not be reached, transfer title to the Strip Parcels to Red Bridge, "free and clear of any and all liens and encumbrances." Red Bridge agreed that if "each" of these actions were completed within 180 days, it would file a satisfaction of the $2,000,000 deficiency judgment. If "any" of the actions did not occur within the allotted time, Red Bridge was entitled to collect the judgment.

¶4    In the course of fulfilling their obligations under the Settlement Agreement, Defendants discovered that the legal descriptions of the Strip Parcels in an exhibit to the Settlement Agreement incorrectly included a tenth-acre triangle of land (the Elim Parcel) that actually belonged to Elim Valley Planning & Development LLC, which was not a party to the Settlement Agreement. Defendants arranged to have Elim execute an access

and utility easement with respect to its property, but Defendants were unable to discharge a $39,000 judgment lien on the Elim Parcel.

¶5    Red Bridge asserted that the Settlement Agreement obligated Defendants to remove the judgment lien from the Elim Parcel and that they failed to comply with their obligations under the Settlement Agreement in two additional respects. First, although Defendants terminated the communications easement as to the Foreclosed Parcels, they were unable to remove it from the Strip Parcels. Second, Defendants never proposed an appropriate development agreement, the parties did not reach an agreement, and Defendants did not transfer the Strip Parcels to Red Bridge after failing to reach an agreement. It is undisputed that Defendants complied with all other obligations necessary for release of the $2,000,000 judgment.

¶6    On May 27, 2014, Defendants filed a motion in the district court seeking a determination that they were entitled to a satisfaction of judgment. They asserted that, to the extent the Settlement Agreement could be read to obligate them to remove the judgment lien from the Elim Parcel, the Settlement Agreement should be reformed due either to mutual mistake or to unilateral mistake. In the alternative, they asserted that the Elim Parcel was not material to the Settlement Agreement and that they had therefore substantially complied with the Settlement Agreement by removing the title defects on the remaining portions of the Strip Parcels, which would provide Defendants with the required access points to the Foreclosed Parcels. They further argued that Red Bridge waived any obligation they had to remove the communications easement from the Strip Parcels when Red Bridge excluded that easement from a memo purporting to contain a list of "directives for [Defendants] to resolve the title issue in compliance with the parties['] Settlement Agreement." Finally, Defendants argued that they fulfilled their obligations with respect to negotiating a

development agreement because they negotiated in good faith but were prevented from reaching an agreement because Red Bridge refused to accept any solution short of Mellon deeding the Strip Parcels to Red Bridge.

¶7     The district court scheduled an evidentiary hearing on Defendants' motion for July 3, 2014. The parties submitted a statement of stipulated undisputed facts, along with exhibits the parties agreed should be admitted. The stipulated facts were intended to be "[i]n addition to the statements and facts contained in the exhibits which [were] offered and admitted into evidence at the hearing . . . and in addition to any testimony of witnesses that [was] admitted into evidence at the [h]earing."

¶8     Although Defendants appeared at the hearing ready to present evidence, the court indicated that it saw Defendants' motion and Red Bridge's response "basically as cross motions for summary judgment on the issues." The court gave the parties the opportunity to make opening statements and asked a number of questions but then refused to take any additional evidence. The court determined that the parol evidence rule precluded it from considering extrinsic evidence relating to Defendants' mistake arguments and denied the motion for satisfaction of judgment because the motion was not "well taken on many fronts but [was] clearly not sufficient . . . either substantively and maybe procedurally." The court did not further explain its decision.

¶9     The court subsequently issued a written order denying the motion. The order indicated that the court had "made its Findings of Fact and Conclusions of Law upon the record" at the July 3 hearing. Later, in response to a motion by Red Bridge, the district court awarded Red Bridge its attorney fees and costs. Defendants appeal.

ISSUES AND STANDARDS OF REVIEW

¶10 Defendants contend that the district court erred in excluding extrinsic evidence regarding mistake and in summarily denying their motion for satisfaction without taking evidence or articulating grounds for the denial.[2] A district court's refusal to consider extrinsic evidence "presents a question of law that we review for correctness." *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 2009 UT App 200, ¶ 5, 216 P.3d 971, *aff'd*, 2011 UT 49, 266 P.3d 733; *see also Bennett v. Huish*, 2007 UT App 19, ¶ 8, 155 P.3d 917. Essentially, the district court appears to have treated Defendants' motion for satisfaction and Red Bridge's response as cross-motions for summary judgment and ruled as a matter of law. "Summary

---

2. On appeal, Red Bridge raises an alternative justification for the district court's decision—namely, that Defendants could not rely on their compliance with the Settlement Agreement to demonstrate that they had satisfied the judgment. Red Bridge asserts that the only way Defendants could establish that they satisfied the judgment was to show that they had paid Red Bridge $2,000,000. To have the judgment lien released on other grounds, Red Bridge suggests, Defendants were required to file a motion to enforce the Settlement Agreement, by which they could obtain an order requiring Red Bridge to release the judgment lien.

We are not convinced that proof of payment is the only possible way to demonstrate satisfaction of a judgment. The Utah Rules of Civil Procedure require only "satisfactory proof" that a judgment has been satisfied. Utah R. Civ. P. 58B(b). Where the judgment debtor can demonstrate that, as here, the parties had agreed to satisfaction by means other than simple payment, evidence that the judgment debtor met its obligations under the parties' agreement may provide satisfactory proof that the judgment has been satisfied.

judgment is proper solely in cases in which no genuine issues of material fact exist and the movant merits judgment as a matter of law." *Spencer v. Pleasant View City*, 2003 UT App 379, ¶ 8, 80 P.3d 546 (citation and internal quotation marks omitted). While this is not precisely a summary judgment case, the issue presented on appeal is similar—whether the district court erred in summarily disposing of Defendants' motion. In reviewing this issue, "we review the factual submissions to the trial court in a light most favorable to finding a material issue of fact," and ultimately grant no deference to the district court's legal determination that a summary ruling was appropriate. *Cf. Nyman v. McDonald*, 966 P.2d 1210, 1213 (Utah Ct. App. 1998) (citation and internal quotation marks omitted).

¶11    Defendants also challenge the district court's award of attorney fees to Red Bridge. "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Valcarce v. Fitzgerald*, 961 P.2d 305, 315 (Utah 1998) (plurality opinion).

ANALYSIS

¶12    We first observe that the district court did not adequately explain its ruling. "In all actions tried upon the facts without a jury . . . , the court must find the facts specially and state separately its conclusions of law. The findings and conclusions must be made part of the record and may be stated in writing or orally following the close of the evidence." Utah R. Civ. P. 52(a)(1). In the case of a motion for summary judgment, findings of fact are not required, but the court should "state on the record the reasons for granting or denying the motion," *id.* R. 56(a), including "a brief written statement of the ground for [the court's] decision" "when the motion is based on more than one ground," *id.* R. 52(a)(6). Although the court suggested that it believed it was essentially considering cross-motions for summary judgment, no such motions were before the court.

And the court's assertion in its order that it had "made its *Findings of Fact* and Conclusions of Law upon the record" at the July 3 hearing suggests that the court implicitly treated the motion as something other than one for summary judgment and that the resultant order was not a summary judgment ruling. (Emphasis added.) In any event, no clearly articulated findings or conclusions were made at the hearing. The court simply rejected Defendants' theory that they could submit extrinsic evidence in support of their mistake arguments and denied their motion for satisfaction of judgment because it was "not sufficient . . . substantively and maybe procedurally."

¶13    Without further explanation, the basis of the district court's ruling is unclear. The court never explicitly rejected Defendants' mistake arguments; it ruled only that their extrinsic evidence was inadmissible. Even if we were to agree with the district court regarding the admissibility of the extrinsic evidence—which we do not, *see infra* ¶ 16—it would not necessarily follow that the lack of such evidence would defeat Defendants' mistake arguments. Indeed, such a conclusion would make any mistake argument a nullity because parties would be precluded from establishing mistake without extrinsic evidence while simultaneously being precluded from presenting extrinsic evidence. The evidence Defendants relied on in this case is illustrative. Although Defendants sought to introduce extrinsic evidence of the parties' discussions regarding the Settlement Agreement, their mistake argument also relied on the language of the Settlement Agreement itself, which identifies the Strip Parcels as parcels "owned by Mellon" and does not include Elim as a party. But the district court never directly addressed Defendants' mistake arguments beyond ruling that the extrinsic evidence was inadmissible.

¶14    The court also failed to address Defendants' substantial compliance, waiver, and good-faith negotiation arguments. This suggests that the court's ruling was based on its rejection of

Defendants' mistake arguments, but as its ruling on even that issue is unclear, we are ultimately unable to discern the basis for the ruling. *See Neerings v. Utah State Bar*, 817 P.2d 320, 323 (Utah 1991) (indicating that a district court's failure "to inform the litigants of the legal basis for its decision" deprives appellate courts of "a ready basis for review on appeal"). In any event, we are convinced that the district court's summary denial of Defendants' motion, without an evidentiary hearing, was erroneous because Defendants should not have been precluded from presenting extrinsic evidence relating to mistake.

¶15    "A mutual mistake of fact can provide the basis for equitable rescission or reformation of a contract even when the contract appears on its face to be a complete and binding integrated agreement." *Burningham v. Westgate Resorts, Ltd.*, 2013 UT App 244, ¶ 12, 317 P.3d 445 (citation and internal quotation marks omitted). Likewise, unilateral mistake "provides a basis for reformation or rescission" where one party makes a mistake either as the result of the other party's fraud or with the knowledge of the other party who then attempts to take advantage of the mistake. *See Guardian State Bank v. Stangl*, 778 P.2d 1, 5–7 (Utah 1989). Mistake is "not necessarily provable by reference to the contract itself." *Tangren Family Trust v. Tangren*, 2008 UT 20, ¶ 15, 182 P.3d 326. Thus, "extrinsic evidence is appropriately considered, even in the face of a clear integration clause, where the contract is . . . voidable for . . . mistake." *Id.*

¶16    Here, Defendants argued that the inclusion of the Elim Parcel in the description of the Strip Parcels was either a mutual mistake or a unilateral mistake of which Red Bridge was aware and tried to take advantage. Defendants identify a number of facts that they assert support their theories of mutual and unilateral mistake: that the language of the Settlement Agreement identifies the Strip Parcels as parcels "owned by Mellon"; that Elim was not a party to the Settlement Agreement; and that the parties' discussions regarding the Settlement

Agreement focused on property Mellon owned. Because extrinsic evidence is admissible to prove mistake, Defendants should have been permitted to present their extrinsic evidence. And because the district court's denial of Defendants' motion for satisfaction appears to have rested solely on its determination that extrinsic evidence was inadmissible, we reverse the district court's ruling and remand for further proceedings.

¶17 Defendants also raised arguments regarding substantial compliance, waiver, and good-faith negotiation of the development agreement. But we are unable to review the district court's rulings on these issues because we cannot tell from the court's order why it refused to take evidence on these issues, why it rejected Defendants' arguments on these issues, or even whether it rejected the arguments at all. It is possible that the district court found it unnecessary to address these arguments because it considered Defendants' failure to satisfy the lien on the Elim Parcel to alone defeat their motion for satisfaction. (Although, if this were the case, the district court still should have addressed Defendants' alternative substantial compliance argument.) On remand, the district court should either address these arguments or articulate a basis for declining to address them.

¶18 In light of our holding, we also reverse the district court's award of attorney fees to Red Bridge. The award of attorney fees was based on two provisions: one in the Settlement Agreement, providing that "if any legal action is taken to enforce any term or provision of this Agreement, the Parties agree that the prevailing party in such action shall be entitled to payment of its attorneys' fees, expenses and costs incurred to enforce the terms of this Agreement"; and another provision in the deficiency judgment, stating, "This judgment may be augmented by the reasonable costs, expenses and attorneys' fees, incurred by Red Bridge in collecting or enforcing this Judgment . . . ." Because we have reversed the district court's order, Red Bridge cannot be deemed

to have "prevailed" and is not entitled to attorney fees at this time.[3]

CONCLUSION

¶19    We hold that Defendants should have been permitted to present extrinsic evidence in support of their mistake arguments. Accordingly, we reverse the district court's ruling, including its award of attorney fees, and we remand the case for further proceedings consistent with this opinion.

—————

3. Because of the manner in which we resolve this appeal, we need not consider Defendants' arguments that their motion for satisfaction did not constitute an action to "enforce" the Settlement Agreement and that the award of fees was excessive.